J. W. McMahan *v.* American Building & Loan & Tontine Savings Association.

75   965
485   290

1. TRUST DEEDS.   *Notice of sale.   Insufficient publication.*

   A sale made under a deed of trust that authorized the trustee to sell after publication "for four weeks next before the day of sale," is void where nine days intervened between the last publication and the day of sale.

2. PRIVILEGE TAXES.   *Invalid contracts.   Amnesty act of 1896.   Laws, p. 56.*

   Under the amnesty act of March 3, 1896 (Laws, p. 56), payment by the beneficiary, within the time specified, of double the sum due on account of unpaid privilege taxes, relieved a trust deed and note, taken during the period of delinquency, of the bar to enforcement created by the privilege tax law.

3. SAME.   *License.   Collector's notations thereon.   Admissibility of evidence.*

   The noting, by a tax collector, on privilege licenses issued under the amnesty act of March 3, 1896 (Laws, p. 56), of the period, past and future, covered by the payment, was not improper, and did not impair the effect of the instruments as evidence of payment under said act.

4. EVIDENCE.   *Harmless error.*

   The improper admission of evidence in nowise hurtful to the party objecting thereto, is not ground for reversal.

From the circuit court of Lauderdale county.

Hon. G. B. Huddleston, Judge.

Unlawful detainer by appellant for the possession of property bought by it at sale under a trust deed in its favor. The opinion states the requirement of the deed in respect to notice of sale. The appellant had only been engaged in business as a building company since January 1, 1896, and its stock or shares had never represented monthly payments in excess of $500. The period for which it was delinquent did not, therefore, extend beyond the date above mentioned, and the amount of the tax chargeable against it under the classification contained in existing law was $25. The appellant, during the month of March, 1896, and after the eighteenth day of that month, paid to the tax collector $50, and received from him two licenses dated back to March 1, 1896, under authority of law, § 3408, code 1892, on both of which the collector indorsed the following: "This license is taken out to date, January 1, 1896, and to meet the provisions of an act to raise revenue by making contracts valid which were not under previous laws." Said act approved March 3, 1896, which went into effect upon its passage, is, omitting headlines, as follows: "That all contracts made previous to the passage of this act, which were void under any laws heretofore existing, for nonpayment, in whole or in part, of any privilege taxes, shall be valid and of the same force as if no default had been made in the payment thereof in every instance where there shall be paid within sixty days from the passage of this act, by or for any person, partnership or corporation delinquent in the payment of such taxes, full taxes for the years preceding the passage of this act, for which such delinquency occurred and one hundred per centum damages in addition, according to the requirements of the laws in force during such delinquency. And such payment shall so make valid such contracts entered into at any time in any year preceding the passage of this act, for which such payments shall be made."

A letter from the auditor of public accounts, dated March 18, 1896, expressing the view that the course in part pursued by the delinquent and tax collector in the premises would relieve appellant of the penalty of delinquency, was introduced by plaintiff.   Defendant objected to the introduction of this letter and the licenses issued, and his objection was overruled.   From a judgment for plaintiff, defendant appealed.

*Amis & Dunn* and *Ethridge & McBeath,* for the appellant.

1. The trustee failed to comply with the terms of the trust deed as to notice of sale.   Perry on Trusts, 602; *Wade* v. *Thompson,* 52 Miss., 367; *Johnson* v. *Sergeant,* 45 *Ib.,* 332; *Bowman* v. *Roberts,* 58 *Ib.,* 126.

2. Since the law recognizes no part of a year in paying privilege taxes, the payment of $50 on March 1, 1896, only covered the year expiring on that date, and to comply with the act of March 3, 1896, and by paying " full taxes " secure the validation of the void contract, it was necessary to pay $25 more, to cover the period following March 1, in respect to which appellee was in default.   The indorsements put by the collector on the two licenses for $25 each were *ultra vires,* illegal, and void.   Section 3408, code 1892, prescribes that such licenses shall bear date as of the first day of the month in which they are issued, and no indorsement by the collector is authorized.

3. The letter of the auditor of public accounts was improperly admitted in evidence.

*G. Q. Hall,* for appellee.

1. Privilege tax licenses run by the year.   In this case, the tax omitted to be paid was for the year 1896.   It should have been paid on January 1; it was not paid until March.   The payment then made was given relation back, by force of the statute, to cover the period of delinquency, the condition imposed being 100 per cent. in addition to the amount that the

delinquent was liable for had he paid the tax when due. If any fractional part of a year was recognized, something like eight dollars would have satisfied the law's demand, but there being no fractional part of a year recognized in such matters, it was necessary to pay double the tax fixed by law for the entire year. With the form of the receipt, neither the state nor the delinquent had any concern. The act itself is silent in that regard, the condition imposed being payment, within sixty days from its passage, the full amount of the taxes due and 100 per cent. The purpose of the act is defined in its title, to wit: "An act to raise revenue by making contracts valid which were null under previous laws for nonpayment of privilege taxes, upon terms of payment of previous years due and 100 per centum damages within sixty days from the passage of this act." Nothing is said about the character of receipt or paper to be executed as evidencing such payments, whether it should be a privilege tax license in due form, or an ordinary receipt for the money required to be paid, or what not.

If there be any merit in the further contention that the two weeks of time prior to March 1 must be treated as one year, whereon should have been paid $25 and 100 per cent., and $25 for the time subsequent to March 1, thus making $75, still such a proposition is not pertinent to this controversy, because, conceding its correctness, the contract under consideration was made on the fifth day of February, 1896, and was covered and validated by the payment that was made. If that payment was insufficient to give validity and support to contracts entered into after March 1, that question can only arise when a contract covered by that period is the subject of inquiry. The auditor's idea, as embodied in his letter of instructions, I think, is correct, and certainly without hurt to appellant.

2. It is laid down in the text (26 Am. & Eng. Enc. L., 919), that "it is not necessary that a sale be advertised to take place on the day immediately following the expiration of the required period of publication. A publication for a greater length of

time than required, or a publication expiring some little time before the sale, cannot prejudice any rights of the parties interested.'' See, also, *Taylor* v. *Reid*, 103 Ill., 349; *Tooke* v. *Newman*, 75 Ill., 215; *Graham* v. *Fitts*, 53 Miss., 307.

Woods, C. J., delivered the opinion of the court.

By the terms of the trust deed from the appellant to the appellee, the trustee therein named, and his successor, appointed as therein provided for, was required to advertise the property on default made in payment of the sum intended to be secured by the trust deed, in some newspaper published in Lauderdale county, ''for four weeks next before the day of sale,'' giving time, terms, and place of sale. This was his sole authority to sell, and he was bound to comply strictly with the terms of the power conferred upon him. This he did not do. The advertisement made by the trustee appeared for the first time in the newspaper on March 6, 1897, and the fourth and last publication was made on March 27, 1897, whereby nine days intervened between the last named day and the day when the sale was made, on April 5, 1897. There was not, therefore, advertisement of sale for four weeks next before the day of sale, as required by the terms of the trust deed; and the sale, thus made in disregard of the plain provisions of the instrument, was a nullity, and the deed made to the purchaser at said sale was void. In the absence of evidence that the sale was advertised for four weeks next before the day of sale, the judgment of the court below should have been for appellant.

This view reverses the judgment appealed from, but, to avoid further unnecessary litigation and delay, we think proper to say that we find no other reversible error in the record before us. The letter from the auditor to H. M. McKay, of date March 18, 1896, was incompetent, but it was altogether harmless. The sheriff of Lauderdale should have received the privilege license tax, and the damages of one hundred per cent. thereon, precisely as he did, without any instructions from the

auditor, and his (the sheriff's) notations on the receipts was eminently prudent and proper. In any view that may be taken, this payment of fifty dollars by appellee to the sheriff, under the act of the legislature, chapter 39, acts of 1896, certainly validates the contract made by appellee with appellant, on February 5, 1896, and if the appellee has been doing business, as counsel for appellant think, since March 1, 1896, when it paid the tax of $25, and damages at the rate of one hundred per cent. thereon, that in no way affects this suit, and that question is not before us.

*Reversed.*