HENRY BYNUM v. JOHN STINSON.

1. LANDS. *Description. Certainty.*

   A description of land which is capable of being made certain is itself certain.

2. SAME. *Fences.* "*No-fence law.*" "*Stock law.*"

   Where land is described as being bounded on one of its sides by a fence, the description is not rendered bad by the fact that the "stock law" or "no-fence law" was in force in the district or county where the land lies.

3. PLEADINGS. *Direct and argumentative averments. Time.*

   A pleading which avers that an event occurred "fifteen years ago," sufficiently shows that it occurred more than ten years ago, notwithstanding learning to the effect that averments should be direct and not argumentative.

Statement of the case.

4. SAME.  *Statute of limitations.*  *Code* 1892, §§ 2730, 2734.  *Parol sale of lands.  Averse possession.*

  A pleading which shows a parol exchange of lands, followed by continuous actual adverse possession and claim of ownership for more than ten years (the statutory period barring actions for the recovery of land, §§ 2730, 2734, code 1892), sufficiently shows title in the claimant against all persons not under disability.

5. SAME.  *Enclosure unnecessary.  Clouds on title.  Suits to remove.*

  It is not necessary that a bill by one of the parties to a parol exchange of lands to quiet his title to the land received in exchange from the defendant should aver that the same was enclosed, when it is alleged that complainant had for fifteen years following the exchange, as was well known to defendant, continuously occupied the property and exercised over it the control of an owner, specifying particular acts of ownership, the same being substantially a claim of ownership.

6. CHANCERY PLEADINGS.  *Unsworn bill.*

  It is unnecessary that a bill in equity to quiet title to lands should be verified by oath.

FROM the chancery court of Lauderdale county.

HON. STONE DEAVOURS, Chancellor.

Stinson, the appellee, was complainant in the court below; Bynum, appellant, was defendant there. The suit was a proceeding in equity to quiet title to land.

The bill averred that "about fifteen years ago" complainant and defendant exchanged, for mutual benefit, by oral agreement, two parcels of land, and that each took possession of that part granted to him by the other and exercised the rights of a real owner over it, until the beginning of the present year, 1902, when defendant undertook to take charge of the lands granted to complainant. The opinion of the court contains a statement of the allegations of the bill in reference to the description of the land in suit and as to the adverse possession of complainant. The bill prayed for a confirmation of complainant's title to the land. Defendant demurred to the bill, assigning as causes therefor that description of the land is vague, indefinite, and uncertain, and that proper title is not shown in complainant,

nor does he sufficiently allege adverse possession. This de-murrer was overruled, and the defendant appealed to the su-preme court.

*Etheridge & McBeath,* for appellant.

The appellee is seeking to confirm his title to a certain tract of land, and he must make that confirmation certain and not leave it in that uncertain condition where other litigation is liable to follow. We contend that there is not one fixed point in the description; and there is not one fixed distance, but "about" so far. This is not sufficient; the appellee can have a surveyor definitely locate the land. Note particularly the north-ern boundary of said land "being bounded on the north by de-fendant's fence." What fence? What kind of fence? Ap-pellee says that the no-fence law is now in operation in that community, and certainly a fence in a "no-fence law" district is not a very definite boundary. We think that it is the pur-pose of statutes confirming title to fix the title so as to avoid further litigation, but certainly if a decree was rendered on this bill, there would not be a definite line on either side established. The only allegation in the bill of adverse possession is in the following words:

(1) Exercised the rights of a real owner over it.

(2) That complainant has been in actual undisputed adverse possession of said parcel of land received from defendant about fifteen years, and has openly and notoriously exercised the con-trol of an owner over it.

(3) Complainant has continuously and uninterruptedly used this land as his own, etc.

There is no sufficient allegation as to ten years' actual adverse possession. As to the time, the bill says:

(1) About fifteen years ago complainant and defendant for mutual benefit exchanged by oral agreement, etc.

(2) That complainant has been in actual uninterrupted ad-verse possession of said land for fifteen years.

If appellee has been using this land for ten·years or more, his pleadings should so aver. There is nowhere in the bill a single allegation that complainant was "claiming to be the owner" for ten years, or for any time. The bill does allege that complainant has "exercised control of an owner over it," and in another place, "exercised the rights of a real owner over it." A person may exercise the control of an owner over a piece of land and may exercise the rights of a real owner over it, and still not claim to be the owner. But unless he does claim the property against the world, then adverse possession does not run.

The demurrer should be sustained because the bill does not allege that the appellee had land inclosed, and the inference is that it was not inclosed, and the facts are it was not inclosed. Appellee says that he was cultivating a small part of it. What part? Having no color of title, and the land not being inclosed, appellee, if entitled to have title confirmed to any part, is limited to that of actual occupancy. Does he attempt to state what land he was cultivating?

Appellee shows by the way of showing possession of the premises that "he cut firewood from it, raked and hauled straw and leaves from it, split rails upon it, sold said timber from it, and cultivated a small part of it." Suppose he did all these things, nowhere does he say that all the time he was doing this he was claiming title thereto. Woods on Lim. of Actions, p. 520, says: "An entry upon lands, cutting wood, and splitting rails, or occasional entries at long intervals, at one time, or cut timber, and at another make bricks, does not tend to establish a title to the land by adverse possession." *Carroll* v. *Gibson,* 23 Ga., 539; *Williams* v. *Wallace,* 78 N. C., 354.

The bill seeks to confirm the title to a small tract of land which the appellee alleges he exchanged by oral agreement with appellant, setting out the land appellant was to receive. We insist that equity would require that he tender a deed to appellant before asking his title to be confirmed.

"The bill does not deraign complainant's title or attempt to do so," or give any valid reason why it is not done.

Section 501, code 1892, says: "In bills to confirm title to real estate and to cancel and remove clouds therefrom, the complainant must set forth in plain and concise language the deraignment of his title, and a mere statement therein that complainant is the real owner of the land is insufficient unless good and valid reasons be given why he does not deraign his title."

This is a plain statutory provision, with which appellee has not complied, nor given any good and valid reason for not so doing.

*H. R. Stone,* for appellee.

Adverse possession, though under parol gift, if it continues for ten years, confers title. No written transfer is necessary. *Davis* v. *Davis,* 68 Miss., 478; *Davis* v. *Bowmar,* 55 Miss., 671.

The description is sufficient as a deed on the principle of *"id certum est, quod certum redde* protest." Any description of lands, however general and indefinite, which is capable of being made practicably certain by other evidences, is sufficient. *Tucker* v. *Field,* 51 Miss., 194. Description of lands by section, township, and range, is not fatally defective by failure to mention state and county. *Peacher* v. *Strauss,* 47 Miss., 353; *Ladnier* v. *Ladnier,* 64 Miss., 368. Parol evidence is admissible to supply this deficiency.

But this property is more particularly described. It gives fixed boundaries on three sides, with the appellant's fence as the boundary on the other, with approximate distances on the east and west sides from the southern fixed boundary to appellant's fence on the north. In *Lochte* v. *Austin,* 69 Miss., 271, this court held that a misnomer of the third side, the other three sides being given, made no difference. The deficiency could be supplied by parol testimony.

But is the description sufficient as a pleading? All the appellant is entitled to is such a description as will advise him as

to the litigated lands. The description in the bill gives three sides with fixed boundaries, and the other, the side which the demurrer most strongly attacks, is the appellant's own fence line, the location of which surely the appellant knows; 13 Enc. of Pl. and Prac., 286, gives six essential averments of possession, all of which the bill gives in the language of the text, except it does not use the words, "exclusive and hostile," but, in substance, shows that the possession was both exclusive and hostile. "An assertion of ownership by the occupant in himself is, in a legal sense, hostile and adverse to the paper title." *Davis* v. *Bomar,* 55 Miss., 674.

CALHOON, J., delivered the opinion of the court.

The description of the premises set out in the bill is good enough. True, it begins "About two and one-half acres lying," etc., but this general language can be made certain by resort to the boundaries. The bill states them. It refers to the land as lying in the southwest one-quarter of a specified quarter section, and bounds it by W. H. Stinson's line on the south, the Meridian and Enterprise public road on the east, complainant's land on the west, and by defendant's fence on the north. Because the bill elsewhere, in setting forth defendant's motives, states that the "stock law, or no-fence law," was in operation in the community, it does not follow that there was not fences there. No doubt there are fences in every stock law district. Such laws have never yet prohibited fences.

Where a pleading predicates right of prescription by adverse possession pursuant to an exchange of parcels of land by parol, neither record, title, nor written agreement of exchange need be shown. It is only necessary to aver the exchange and subsequent adverse possession for the ten years' period of limitation.

Adverse possession is sufficiently averred in this bill. It is true it says in one place that the complainant's adverse holding has been for "about fifteen years," but, if this were insufficient, still, in another place, it is distinctly averred that the land ex-

changed was "received from defendant fifteen years ago." This means more than ten years, and we cannot hold, according to obsolete learning, that the pleader must actually say ten years, on the idea that, while to say fifteen years is an infallible argument, that it is more than ten years, nevertheless it is not a sufficient averment that it was more than ten years.

The other averments as to adverse possession are these: "Complainant has been in actual uninterrupted adverse possession of said parcel of land received from defendant for about fifteen years, and has openly and notoriously exercised the control of an owner of it from the date of exchange until now, using it in the same manner that he would have used it had same passed to him by deed. He has cut firewood from it, raked and hauled straw and leaves from it, split rails upon it, sold the saw timber from it, and cultivated a small part of it. *And all this the defendant well knew, knowing full well, too, that your complainant was doing so as owner of said land.*"

As between parties to an exchange, this is abundant, and the parts italicized by the writer of this opinion completely refutes the technical objection of the demurrer that the exact words of statute, "claiming to be the owner," are not used. They also emasculate the objection that, no paper title being shown, the land should be averred to have been enclosed.

The objection that the bill is not sworn to is without any merit, as we think, and the same is true of other objection not mentioned in this opinion.

*Affirmed.*