LAKE ET AL. *v.* CASTLEMAN.

[76 South. 877, Division B.]

MORTGAGES. *Trust deeds. Foreclosure. Notice. Sufficiency.* Code 1906, *sections* 1607-2772.

Under Code 1906, section 2772, providing that sales of lands under mortgages shall be advertised for three consecutive weeks preceding such sales, and section 1697 providing that when publication is required for three weeks, it shall be sufficient to publish once each week for three weeks, though there be not three weeks between the first and last publication, but there must be three weeks between the first publication and the day for appearance

of the party, a notice of foreclosure sale which was published on October 8, 15, 22 and 29 followed by a sale on November 2nd, and a publication on July 7, 14, 21 and 28, followed by a sale on July 31, were sufficient; less than a week having elapsed between the day of the last notice and the day of sale in each case.

APPEAL from the chancery court of Washington county. HON. E. N. THOMAS, Chancellor.

Suit by Pauline Castleman against J. Albert Lake and others. From the decree rendered, Lake and others appeal.

The facts are fully stated in the opinion of the court.

*A. W. Shands* and *G. G. Lyell,* for appellant.

The bill was one to cancel and remove the alleged cloud upon title of appellee and to enjoin further foreclosure by appellants of their junior deed of trust.

In proceeding to advertise for such foreclosure, it was the theory of the appellants that the two sales by Cashin, Substituted Trustee, were void because the notices of sales were not published for the time required by the provisions of the deeds of trust and section 2772 of the Code of 1906. That is the sole ground of attack upon such two foreclosures; and, as before stated, is the only question in this case.

We turn now to the provisions of the two deeds of trust as to the time and manner in which the notices of sale were required to be given. Taking them up in their order of priority, we consider, first, the D/T executed March 13, 1909, to the Georgia State Savings Association.

It provided, Tr. 13, that "the trustee, or his successors, shall proceed to sell the said property at public outcry, to the highest bidder for cash, in front of the court house of said county (Washington) after advertising said proposed sale and posting notice of same for three consecu-

tive weeks preceeding such sale as provided by section 2772 of Code of 1906 of the state of Mississippi, as amended, such sale to be made on any day except Sunday, at which sale the said Association may become a bidder.'' The case was tried upon an agreed statement of facts. See stipulations of Counsel.

It is therein agreed that Cashin, Substituted Trustee, advertised and published his sale notice for foreclosure of this D/T. in the Greenville Democrat, a daily newspaper published in the city of Greenville, on the following dates: October 8th, 15th, 22nd, and 29, 1914, and that the sale was made on November 2, 1914. The court knows, judicially, that the dates of publication were Thursday and that the sale day was Monday. It will be thus observed that an interval of from Thursday, October 29, until Monday, November 2nd., intervened between the last publication and the sale day. Appellants contend that such interval rendered the sale void.

Turn now to the next deed of trust that was foreclosed, that to the Grenada Bank, dated March 19, 1912. The record shows that the following was the provision of same for foreclosure by the trustee: ''The trustee herein may take possession of said property and sell the same at public outcry, after giving legal notice of the time, place and terms of sale in the county in which the property is located.''

Now it is agreed, that the notices of sale were published in the Greenville Democrat, a daily newspaper of following dates: July 7th, 14th, 21st, 28, 1914, and that the sale was made on July 31, 1914, and that the sale was made on July 31, 1914, the time fixed in said notice. The court knows, judicially, that the notices were published on Tuesday and that the sale was made on Friday.

As to this sale, appellants contended that it, too, was void for the reason that too much time elapsed between the last publication of the notice of sale and the day of sale.

In other words, it is contended that "a legal notice" within the purview of the two deeds of trust and section 2772 of the Code of 1906, was not given in either case.

If the sales were void, or either of them, it is obvious that the injunction should have been dissolved. Removing clouds upon titles p. 550, and authorities cited.

No attack was made by appellee upon the validity of the D/T. of appellants, except that it was subsequent in time to the two under which she deraigned her title. Appellant's right to foreclosure was clear unless the two sales by Cashin, Substituted Trustee, were valid.

Let us now consider the pertinent provision of section 2772 of the Code of 1906, "How lands sold under mortgages and deeds of trust." Omitting what is not here involved, it reads: "Sale of lands shall be advertised for three consecutive weeks preceding such sale, in a newspaper published in the county. . . ."

"No sale of lands under a deed of trust or mortgage shall be valid unless such sale shall have been advertised as herein provided, regardless of any contract to the contrary. An error in the mode of sale such as makes the sale void will not be cured by any statute of limitations, except as to the ten-year-statute of adverse possession."

Independently of the provisions of the statute, the law is settled that: "If the notices of sale are not made and published according to the power, the sale is absolutely void, not merely voidable, and no title passes to the purchaser" Perry on Trusts and Trustees (6 Ed.), 602, page 1009, 782, page 1288, 600t, page 1005; *Enochs* v. *Miller*, 60 Miss. 19; *Allen* v. *Alliance Trust Co.*, 84 Miss. 319, 332.

As illustrative additional authorities, that the execution of powers is *strictissimi juris*, see Brief of Messrs. Percy & Campbell in the latter case at page 325. *Mc-Mahan* v. *A. B. and L. Asso.*, 75 Miss. 965 969; *Mc-Caughn* v. *Young*, 85 Miss 277, 289.

Briefly stated, our contention, as applied to each case is, that the words of the statute, 2772, "Sale of lands shall be advertised for three consecutive weeks preceding such sale" means the three weeks immediately preceding such sale; and that when the publication is in a daily paper that it is always necessary to publish the notice for such time immediately preceding the sale, and that unless that is done that the sale is void. That while it is true that the publication is a daily paper for once a week, for three weeks, is satisfactory under the statute, 2772 and 1607, there should be no such interval between the date the notice is last published and the sale day.

The publications in the instant case (and the same is true in the companion case, No 19, 798), were completed several days before the sale day. In the foreclosure of the Grenada Bank D/T. the last notice of sale appeared in the Daily Greenville Democrat on Tuesday before the sale on Friday. And so, too, when the other deed of trust, to the Georgia State Savings Association, was foreclosed, The last sale notice was published on Thursday and the sale was made the following Monday. It thus appears that the publication was completed several days before the sale under each trust deed and it was not contemplated that it should appear again.

In this case, the publication being made in a daily paper, it was possible, and we submit the duty, of the trustee to make the publication cover the period of time immediately preceding the sale. That is to say he should have published the last notice either on the morning of the sale or certainly the preceding day. This was not done in either case, and we submit that the sales were both void.

Of course, where the publication is of necessity in a weekly newspaper, it is not always possible to have the last notice immediately precede the sale in publication of such notice, and in such cases we do not dispute that our statute and the law will be complied with even though

there may be an interval of less than a week between the date of last publication and the sale day. In such case, the law does not contemplate or require the impossible to be done. But in case of publication in a daily newspaper, selected by the trustee, just as he selects the sale day, what we contend for can be effectuated and ought to be.

What is meant by the words, "consecutive weeks" in 2772? It undoubtedly means in a successive manner in a series, or order, following in order, or uninterrupted in course. The words, "for" has been defined by the supreme court of the United States as "duration when it is put in connection with time." *Early* v. *Dowe*, 16 How, 610 14, L. Ed. 1099. The remaining important word in 2772, is "preceding." We submit that the word means "next before." 31 Cyc, 1157; 22 A. & E. Ency, of Law (2 Ed.), 1171, defining "preceding." Now if the word "preceding" means, and is employed in what the two authorities cited state is its usual meaning, then it is clear that the publication was not properly made in this case for either sale, nor in the companion case. See *McMahan* v. *American B. & L. Asso.*, 75 Miss. 965, where our court held that where the trust deed required publication for "four weeks next before the day of sale," that the sale was void where nine days intervened between the last advertisement of sale and the sale day. Our court held that there should have been a strict compliance with the provision in question.

It is obvious that in connection with the advertisement of the sales that "the week need not necessarily commence on the morning of the first day of which has been denominated the Bibical week." *Raunn* v. *Leach,* 53 Minn. 84, 87, 54 N. W. 1058.

There is no statutory definition of "week" limiting it to the Bibical week. In fact the construction given all statutes requiring notice for a certain number of weeks ignore the Bibical week.

It is clear, therefore, that the word "week" in 2772 means merely a period of seven days' time, and that the

"three consecutive weeks preceding such sale," contemplated by 2772 is that twenty-one days' period immediately preceding the sale day. 1606 provides that, in counting time the day of serving the process or giving the notice shall be excluded and the day of appearance included; and in all other cases when any number of days shall be prescribed, one day shall be excluded and the other included."

Now we have called attention to the fact that in the foreclosure of the two deeds of trust involved in this suit, that as to one, the notice of sale was last published on Tuesday for a sale of the subsequent Friday and the other sale notice was last published on Thursday for a sale on the following Monday.

In other words, the publication was not made for "three consecutive weeks preceding such sale."

The trustee chose the sale day in each case of foreclosure, and he chose a daily paper for the publication of the sale notices. It was possible, and mandatory in such latter case, that the last notice of sale should have immediately preceded such sale. We submit, therefore, that each sale was utterly void.

*Campbell & Cashin,* for appellee.

As we understand the brief of counsel for appellant their argument is that the two sales mentioned were void because not made on the date of the last publication or on the next day after the last publication. In other words that section 2772 of the Code means that in no event must more than on day elapse between the last publication of a notice of sale and the date of the sale of lands under trust deeds, and that this is the meaning and proper construction of section 2772 of the Code.

If by the words "sale of said lands shall be advertised for three consecutive weeks preceding such sale, in Section 2772 of the Code the legislature meant, as argued by counsel, three weeks, "Immediately preceding" said

sale, it would have been very easy for the legislature to have said so. In as much as they did not use this language, is not the presumption that they meant what they said, and not something which they did not say. If the legislature meant by section 2772 of the Code that the sale must be made on the day of the last publication of the notice of the sale, or at the farthest the next day after the last publication of the notice of the sale, as argued by counsel for the appellant, why did they not say so. But we submit that even if "three consecutive weeks preceding such sale" meant "immediately preceding the sale," the publications in this case were made for three weeks immediately preceding the sales.

If more than a week had elapsed between the last publications and the date of the sales this would not have been true, but the sales under the trust deeds involved in this case were each made on the third day after the completion of the advertisement for three consecutive weeks, immediately preceding the sales.

Counsel for appellant say that it was the duty of the trustee to make the last publication of the notice either on the morning of the day of the sale, or certainly the next succeeding day. Why? They fail to suggest any reason therefore, and cite no authority to support their assertion. Under the rules of logic, would it not be permissible for us to meet this assertion with counter assertion and say that no such duty devolves upon the Trustee?

Prior to the enactment of the Code of 1906, the statute did not require sales of lands under mortgages and trust deeds to be advertised for any particular time, the manner and length of time for such advertisements being left to agreement between the grantors and beneficiaries in mortgages and trust deeds.

The usual custom then was to advertise sales under mortgages and trust deeds by posting a notice of such

sales at the front door of the court house of the county in which the land or some part thereof to be sold was situated ten days before the date of sale.

Sec. 2443, Code of 1892, it is a fact known of all men that very few people see notices of sales posted at the front door of court houses. It is equally as well known that most people read their local papers, even the advertisements therein as a matter of curiosity, if for no other reason. It is evident therefore, that the purpose of section 2772 of the Code of 1906, is to give publicity to the fact that a sale of property will be made at a certain time and place. Is not this purpose accomplished just as well by giving notice by publication for three consecutive weeks before that time that I will on the 31st day of July sell certain lands at the front door of the court house of the county in which the land is situated at public outcry to the highest bidder for cash, at or about the hour of 12 o'clock noon, as it is by giving notice by such publication that I will sell it at said time and place on the 28th or 29th day of July, or that I will sell certain lands on the 2nd of November, as that I will sell it on the 30th day of October?

There was no such unreasonable interval of time between the last publication of the notices of these sales and the day of the sales in the case at bar as to cause interested persons to forget all about the sale or the date fixed therein.

Counsel for appellant admit that where the publication is of necessity made in a weekly newspaper it is not always possible to have the last notice immediately preceding the sale in the publication of such notice, and in such cases they say, and we don't dispute the fact that the statute and the law will be complied with, even though there will be an interval of less than a week between the date of the last publication and the sale date. If this is correct, and we concede that it is, that demonstrates the

fallacy of the balance of the argument in their brief. Why should there be any difference in respect to the rule that the sale may be made at any time within a week after the date of the last publication, whether the publication be in a weekly or in a daily newspaper? If the object of the notice is carried out in good faith, as in the instant case, what difference can it possibly make to anyone whether the notice be given by publication for the required length of time in a daily or in a weekly paper.

The case of *McMahan* v. *Am. B. & L. Ass'n,* 75 Miss. 965, while unquestionably sound in law is not in point. Clearly in that case the sale was not advertised for four weeks, "next before the day of sale" because more than a week, to wit: nine days had elapsed between the last publication of the notice of the sale and the day of the sale. In the case at bar the sale was made on the third day after the last publication of the notice of the sale, which we respectfully submit complied with the requirements of section 2772, of the Code and the object and purposes of that statute.

The course pursued by the trustee in this case is the course that has generally been pursued in this and in neighboring counties since the adoption of the Code of 1906. The opinion of the bar is that if a sale is made within one week after the completion of three weeks' publication preceding the sale, then the provisions of section of 2772 of the Code as to notice of sale is complied with. If we are wrong in this construction, then more than ninety per cent. of the sales of lands made under trust deeds within the last ten years in this section of the country are void and can be set aside. Such a result at this time would bring ruin upon hundreds of citizens in the Delta section of the state, and we have no doubt in other sections of the state also.

We respectfully submit that the decree of the court below is correct and should be affirmed.

STEVENS, J., delivered the opinion of the court.

This appeal presents one narrow technical point. Appellee, Mrs. Castleman, was a purchaser of the real estate at a foreclosure sale made by the trustee under two certain deeds of trust; one sale being made on July 31, 1914, and the other November 2, 1914. It is appellants' contention that the trustee did not advertise for the time required by the provisions of the deeds of trust and section 2772, Code of 1906. The sales were upheld by the chancellor, and his decree made perpetual an injunction at the suit of appellee, seeking to restrain a sale under a junior lien, and confirmed appellee's title.

The validity of the two sales under the deeds of trust, through the foreclosure of which appellee became purchaser, is involved. Under one of these foreclosure proceedings, advertisement of the sale notice was carried in the Greenville Democrat, a daily newspaper, and the notice was published October 8, 15, 22, and 29, 1914, and the sale was made November 2d thereafter. In the other proceeding the notice was published in the same newspaper July 7, 14, 21, and 28, 1914, and the sale was made July 31, 1914, the time fixed in the notice. Under the first notice there was an interval from Thursday, October 29, the date of the last publication, until Monday, November 2, 1914, the day fixed for the sale. In the other proceeding there was an interval of two days between the date of the last publication and the day of sale. It is contended that, under section 2772 of the Code, "sale of said lands shall be advertised for three consecutive weeks preceding such sale" refers to the three weeks immediately preceding, and that, if the publication is made in a daily newspaper, the notice should be published up to the very day of sale, and because there were issues of the daily paper during the several days' interval between the date of the last publication and the day of sale, when no notice appeared in the daily paper, there is a fatal defect in the title

upon which appellee relies. The argument is made that it was the duty of the trustee to keep the advertisement in the issue of the paper on the morning of the day of the sale, or certainly on the day next preceding. It seems to be conceded by counsel for appellants that, when the publication is made in a weekly newspaper, it is not always possible to make the publication on the day immediately preceding the sale, but that in such case a publication in the last regular issue of the paper preceding the day of sale is sufficient.

In their contention that there was a defective or insufficient advertisement of the two trustee's sales, appellants are wrong. Section 1607, Code of 1906, expressly provides that:

"When publication shall be required to be made in some newspaper for three weeks, it shall be sufficient to publish once each week for three weeks, even though there be not three weeks between the first and last publication; but there must be three weeks between the first publication and the day for the appearance of the party or other thing for which the publication shall be made."

The trustee complied with this section, as also the provisions of 2772. It follows that the sales made by J. M. Cashin, substituted trustee, are valid, and the decree appealed from must be affirmed. See *Weston* v. *Hancock,* 98 Miss. 800, 54 So. 397. It will be noted that more than one week did not elapse between the date of the last publication and the day of sale. This fact points the difference between the case at bar and that of *McMahan* v. *American Building & Loan, etc., Ass'n,* 75 Miss. 965, 23 So. 431. The construction contended for by appellants would upset most of the foreclosures heretofore had in Mississippi, and impose a harder rule for advertising a sale in a daily newspaper than for an advertisement in a weekly newspaper. The statute makes simple that which might otherwise be involved and obscured by legal refinement.

*Affirmed.*