PLANTERS MERCANTILE CO. *v.* BRAXTON ET AL.

[82 South. 323, Division B. No. 20822.]

1. MORTAGES. *Foreclosure sale. Publication of notice.*

Under Code 1906, section 2772 (Hemingway's Code, section 2276) providing that lands to be sold under mortgages and deeds of trust shall be advertised for three consecutive weeks preceding such sale, it is necessary that publication be made for the three weeks next before the date of sale, and immediately preceding the day of sale, and a sale is void where a longer period of time than one week elapses from the day of the last publication and the day of sale.

2. MORTGAGES. *Void foreclosure.*

Where the beneficiary in a deed of trust purchases at a void foreclosure sale, it does not necessarily result in the loss of the secured indebtedness.

APPEAL from the circuit court of Wilkinson county. HON. R. E. JACKSON, Judge.

Suit by the planters Mercantile Company, against Fisk Braxton and others. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*W. F. Tucker,* for appellant.

It is admitted in appellee's brief that the question to be passed on here, is the interpretation of the word "preceding" as used in section 2772 of Mississippi Code of 1906; that is, as used in the following phrase: "Sale of said lands shall be advertised for three consecutive weeks preceding such sale." Preceding as used here means only before such sale, as it will be noted that the Mississippi legislature, when it has attempted to qualify and limit time to notices, has invariably used the words next preceding, and the Mississippi supreme

court has followed this interpretation in the matter of limiting time of published notices.

In the case of *Weston* v. *Handcock County,* 54 So. 307, Chief Justice MAYES held in advertising the issuance of bonds under section 33, Code of 1906; that while said section requires notice to be published ''for three weeks next preceding'' the issuance of said bonds, ''it did not mean that if the board failed next after the publication of notice, it may no do so at some future time.''

In the case of *Lay* v. *Shores, President of Board of Supervisors et al.,* 72 So. 881, requiring notice, under section 2 of chapter 149, Laws of 1910, for issuance of bonds, ''shall be published for three weeks next preceding the meeting at which such board proposes to issue such bonds, and the notice was published May 4, 1916, May 11, and May 18, to the effect that the board of supervisors proposed to issue bonds at the regular meeting on June 5th. Judge COOK held in this case that the word ''next'' meant nearest, and the sentence ''for three weeks next preceding'' meant that three weeks nearest to the time the board proposed to issue the bonds, and as more than one week intervened between the last publication and the day fixed for the proposed action of the board, the notice was not sufficient under the said statute. Judge COOK here followed the meaning given ''next'' by all the laws dictionaries and authorities. It will be noted that in *Lay* v. *Shores, case* that the last publication was on the 18th, and that week's publication ended on the night of the 24th, and there was more than one week between the 24th and the day of the proposed action or issuance of said bonds on June 5th. It is not the number of times the notice or publication appears, but the weeks the notice gives. If the publication had appeared again on the 25th, then that week's notice would have ended on the night of the 31st day of May, and there would not have been a week

between the 31st day of May and the 5th day of June, and the notice would have been sufficient. *Myakka Co. v. Edwards,* 67 So. 217 to 224.

In the case of *Hattiesburg Grocery Co. v. Tompkins,* 111 Miss. 592, 71 So. 866, Judge SYKES held that the words "next after" excluded the first day. The word "next" is a very important word in its meaning in connection with time and, is given by all legal authorities, but the word "preceding" is not defined by Bouvier or Anderson and we find no particular definition of same in Words and Phrases; and it seems strange if "preceding" means "next before" why it is not more commonly used and defined by legal authorities.

There is no fraction of a week in law. "A week, as a period of time, commences Sunday Morning and ends Saturday Night." A notice requiring a certain number of weeks of publication is not limited to or computed by the time the notice appears or by the dates it is published, but by the specified weeks the notice gives. *State v. Cherry County,* 5 Neb. 734, 79 N. W. 825; *Myakka Co. v. Edwards,* 67 So. 217-224.

The notice in the case at bar first appeared Saturday, March 4, 1916; the first week's publication, or notice, ended Friday night at 12 o'clock, March 19th; the second week's notice began Saturday morning, March 11th and ended Friday, March 17th; the third week's notice began March 19th and ended Friday night, March 24, and on Saturday, March 25th the fourth appearance, or publication, of the notice was made ending that week's notice on Friday night at 12 o'clock, March 31, 1916, two days before the day of sale on Monday, April 3, 1916. It is not the number of notices or the dates of publication by which specified notice in weeks must be computed; it is the weeks of notice specified by the statute that must be computed.

A notice requiring publication once a week for three consecutive weeks preceding a sale, could be published in

a daily on Saturday, March 4th, and next week on Thursday, March 9th, and again on Monday, March 13th, and the sale made on Tuesday, March 14, giving only nine days actual notice, when three weeks or twenty-one days is the specified notice required.

The question of a notice of a publication, under a statute similar to the one in question here, is exhaustively and ably discussed by Judge Whitfield, and Judge Ellis on hearing, in the case of *Myakka Co.* v. *Edwards,* 67 So. 217-224, and it is therein held that notice for the specified number of weeks must be given and that times or dates, or publication are not to be computed.

We submit that if the word "preceding" is held to mean "next before" as claimed by appellees in their brief, even then the specified notice of the statute was given for three consecutive weeks next before the day of sale, or up to and including the 31st day of March, 1916. Two days before the sale on April 3d.

*H. C. Leak* and *A. H. Jones,* for appellees.

From an examination of all papers in this case, it will be seen that the question to be passed on here, is the interpretation of the word "preceding" as used in section 2772 of Mississippi Code of 1906, which provides: "Sale of lands shall be advertised for three consecutive weeks preceding such sale, in a newspaper published in the county and by posting one notice at the court house of the county where the land is situated for said time. No sale of land under a deed of trust or mortgage shall be valid unless such sale shall have been advertised as herein provided for, regardless of any contract to the contrary." Counsel for appellant cite Noah Webster's Dictionary and The Century Dictionary for a definition of the word "preceding," both of which are authority, and both give the same definition "to go be-

fore in order of time;" however we cannont admit that any time can elapse between a certain day or week and the preceding day or week, as counsel for appellant seems to think.

In Crabb's Synonyms, pages 272 and 273, under title, "antecedent, preceding, foregoing, previous, anterior, prior, former" we find the following: "Antecedent and preceding both denote priority of time, or the order of events; but the former in a more vague and indeterminate manner than the latter. A preceding event is that which happens immediately before the one which we are speaking; whereas antecedent may have events or circumstances intervening; 'The seventeen centuries since the birth of Christ are antecedent to the eighteenth, or the one we live in; but it is the seventeenth only which we call the preceding one.' Trusler, 'Letters from Rome,' dated the thirteenth instant, say, that on the preceding Sunday, his holiness was carried in an open chair from St. Peter's to St. Mary's Steele. An antecedent proposition may be separated from its consequent by other propositions; but a preceding proposition is closely followed by another. In this sense antecedent is opposed to posterior; preceding to succeeding. Preceding respects simply the succession of times and things. We speak of the preceding day or the preceding chapter, merely as the day or chapter that goes before."

In *Smith* v. *Gibson et al.,* 68 So. 143, Justice Sayre, speaking for the supreme court of Alabama, says: "Although a different signification will be given if required by the context of the facts of the case, yet "preceding" means generally next before, just as "following" means next after" *Simpson* v. *Robert,* 35 Ga. 180. Thus Webster's New International Dictionary under the word, "antecedent" says: "Antecedent (opposed to, subsequent) and preceding (opposed to, succeeding, following) differ, in that preceding usually applies to that which goes immediately before (as the preceding

day, the preceeding clause), whereas antecedent, frequently suggests an indefinite interval (as, a period of, antecedent to the conquest).'' In *McMahon* v. *American B. & L. & T. S. Ass'n* 75 Miss. 965, this court held where a ·deed of trust provided for publication ''for four weeks next before the day of sale'' giving terms, and place of sale.

''This was his sole authority to sell, and ·he was bound to comply strictly with the terms of the power conferred on him. This he did not do. The advertisement made by the trustee appeared for the first time in the newspaper on March 6, 1897, and the fourth and last publication was made on March 27, 1897, whereby nine days intervened between the last named day and the day when the sale was made, on April 5, 1897. There was not, therefore, advertisement of sale for four weeks next before the day of sale, as required by the terms of the trust deed; and the sale, thus made in disregard of the plain provisions of the instrument, was a nullity, and the deed made to the purchaser at said sale was void In the absence of evidence that the sale was advertised for four weeks next before the day of sale, the judgment of the court below should have been for appellant.''

In *Lake* v. *Castleman,* 116 Miss. 175, in holding a trustee's deed Valid where only a few days had elapsed between the last publication and the date of sale, Justice Stevens, speaking for the court says: ''It will be noted that more than a week did not elapse between the last publication and the day· of sale. This fact points the difference between the case at bar and that of *McMahon* v. *American Building & Loan, etc., Ass'n.,* 75 Miss.——, that a sale would be· void where more than a week elapsed between the last publication and the date of sale.

It is a settled proposition in law, that a trustee can only exercise such authority as is conferred on him by a deed of trust, or given him by operation of law,

and that all powers conferred on him must be strictly construed. If the notices of sale are not made and published according to the power, the sale is absolutely void, and not merely voidable, and no title passes to the purchase Perry of Trusts and Trustees (6 Ed.), 602, page 1009, 782, page 1288, 600, page 1005; *Enochs* v. *Miller*, 60 Miss. 19; *Allen* v. *Alliance Trust Co.*, 84 Miss. 319; *McCoughan* v. *Young*, 85 Miss. 277. We cannot agree with counsel for appellant that section 2772, governing the sale of land under deeds of trust "is highly penal." This statute merely provides a manner for the foreclosure of deeds of trust, which can be easily followed in all cases, and it is no wise a penal statute. The object of the legislature requiring that all sales should be advertised "for three consecutive weeks preceding the date of sale" was to give notice to all prospective bidders and parties interested, as near the date of sale as possible, that the property might bring a fair and reasonable price, and not be sacrificed and if nine days could elapse between the last publication and the date of sale, we can see no reason why nine weeks or nine months should not elapse between the date of publication and the date of sale. If this section does not mean exactly what it says that the sale "shall be advertised for three consecutive weeks preceding such sale" we can see no reason for the clause in said section which provides: "No sale of land under a deed of trust or mortgage shall be valid unless such sale shall have been advertised as herein provided for, regardless of any contract to the contrary."

To give any other construction of this section, than that the sale should be advertised for the three weeks just before the sale, would be violative of the true intent and meaning of the legislature, and would give rise to untold fraud and litigation, and this court would be called upon repeatedly to decide what was a reasonable time, and whether or not fraud had been committed in

causing such a time to elapse between the publication and the sale.

Briefly stated, our contention is that the words of the statute sec. 2772, "sale of lands shall be adversed for three consecutive weeks preceding such sale" means the three weeks immediately before the day. of sale; that is, up to and including the last · publication of the weekly newspaper before the date of sale, and unless this is done, the sale is void. It will be, noted in the case at bar that the last publication was made on Saturday, March 25, 1916, while the sale was made on Monday, April 3, 1916, or nine days after the last publication, therefore publication was not made for "three consecutive weeks preceding such sale."

The trustee had the power and authority under the deed of trust and the statute to conduct a legal and valid sale; this he has failed to do, and we submit that the pretended sale was and is wholly and utterly void, that the ruling of the court below in striking the evidence and directing a verdict for defendant, granting judgment, and refusing a new trial is correct and therefore should be affirmed.

STEVENS, J., delivered the opinion of the court.

Appellant as plaintiff instituted this action of ejectment in the circuit court of Wilkinson county to recover possession of approximately fifty acres of land which it purchased at a trustee's sale foreclosing a deed of trust, which it as beneficiary held against the defendants, Kiah and Kitty Braxton. Upon trial there was a peremptory instruction in favor of the defendants, and from the judgment based thereon appellant appeals.

To prove its case appellant introduced in evidence the deed of trust; record of substitution of R. C. Smith as trustee in place of T. G. Stockett, the original trustee; and deed from the substituted trustee to the plaintiff,

which exhibits thereto. These exhibits are the notice of sale, proof of publication, and affidavit as to posting a copy at the courthouse. The sale was advertised to be made, and from the recitals of the trustee's deed was actually made on the first Monday, the 3d day of April, 1916. The trust deed provides that the trustee "shall sell said real estate at auction to the highest bidder for cash upon such notice as required by law for the sale of land." The proof of publication shows that the notice of sale was published in the Woodville Republication, a newspaper published in Wilkinson county, for four consecutive weeks, and that the dates of these publications are March 4, 11, 18, 25, 1916. The plaintiff also introduced evidence tending to show the value of the use and occupation of the premises since the date of the sale by the substituted trustee and the execution of the trustee's deed in favor of appellant. At the conclusion of the introduction of plaintiff's testimony there was a motion by the defendants to exclude the evidence and to direct a verdict in appellee's favor, and this motion was by the court sustained.

Section 2772, Code of 1906 (section 2276, Hemingway's Code), provides how lands shall be sold under mortgages and deeds of trust, the pertinent provision being as follows:

"Sale of said lands shall be advertised for three consecutive weeks preceding such sale, in a newspaper published in the county, or if none is so published, in some paper having a general circulation therein, and by posting one notice at the courthouse of the county where the land is situated, for said time. No sale of lands under a deed of trust or mortgage shall be valid unless such sale shall have been advertised as herein provided for, regardless of any contract to the contrary."

The motion to exclude the evidence is based upon the ground that the notice of sale was not advertised as

required by law, and the further contention that the land was not sold at the place required by law. It is conceded that the last advertisement of sale appeared on Saturday March 25, 1916, and that in the regular issue of the paper of Saturday April 1, 1916, the advertisement did not appear, and consequently that nine days elapsed between the last publication and the day of sale.

Webster's Dictionary defines "precede" as "to go before in place or order of time." The Century Dictionary defines "preceding" as "to go before in order of time . . . to come first in the order of time." In Crabb's Synonyms, under the title "Antecedent, Preceding," etc., appears the following statement:

"Antecedent and preceding both denote priority of time, or the order of events; but the former in a more vague and indeterminate manner than the latter. A preceding event is that which happens immediately before the one of which we are speaking; whereas antecedent may have events or circumstances intervening. An antecendent proposition may be separated from its consequent by other propositions; but a preceding proposition is closely followed by another. In this sense antecedent is opposed to posterior; preceding to succeeding."

Mr. Crabb's statement is then illustrated by a quotation from Trusler, as follows:

"The seventeen centuries since the birth of Christ are antecedent to the eighteenth, or the one we live in; but it is the seventeenth only which we call the preceding one."

In Cyc. vol. 31, p. 1157, "preceding" is defined as "next before." In Am. & Eng. Ency. of Law (2d Ed.) p. 1171, under the title "preceding," it is said:

"Although the word 'preceding' generally means next before, yet a different siginfication will be given to it if required by the context and the facts of the case."

In disposing of the present appeal, our special inquiry is to ascertain the meaning of the phrase "for

three consecutive weeks preceding such sale" as employed in the statute under review. We conclude, unhesitatingly, that the language of the statute requires publication to be made for the three weeks next before the day of sale, or immediately preceding the day of sale. The purpose of this mandatory provision of law is obvious. It is designed to give notice of the approaching sale to the owner of, and other parties interested in, the lands to be sold, as also to give notice to prospective bidders. If a longer period of time than one week may elapse from the date of the last advertisement and the day of sale, it logically follows that several weeks or several months might elapse and the day of sale might be fixed so far in the future that parties in interest might overlook the sale altogether and grave injustice be done. The purpose of the statute is to give wide-spread notice to the public generally, and to have this notice fresh in the minds of parties probably interested. This interpretation of the statute is justified by the literal meaning of the language employed, and tends, we think, to the public good. It enables the statute to accomplish the very purpose for which it is enacted. If the word "preceding" as here used means "next before," as we think it does, it follows that the case of *McMahan* v. *Building Ass'n*, 75 Miss. 965, 23 So. 431, is authority for the affirmance of this case. The provisions of the trust deed under consideration in the McMahan Case required publication "for four weeks next before the day of sale." Nine days intervened between the date of the last advertisement and the day of sale, and for that reason the proceedings were condemned. This case is further authority on the point that where the publication is thus so vitally insufficient, the sale is a nullity and the trustee's deed void. So say we in the case at bar. In the case of *Lake et al.* v. *Castleman*, 116 Miss. 175, 76 So. 877, an alleged infirmity in the publication was claimed, but the sales were there upheld on a showing very much

different from the showing made in the present case. In the opinion we there said:

"It will be noted that more than one week did not elapse between the date of the last publication and the day of sale. This fact points the difference between the case at bar and that of *McMahan* v. *American Building & Loan Ass'n.* 75 Miss. 965, 23 So. 431."

By this language we intimated very strongly that if more than one week does in fact elapse between the date of the last publication and the day of sale the proceeding is a nullity. See, also, *Smith* v. *Gibson*, 191 Ala. 305, 68 So. 143; *Enoch* v. *Miller*, 60 Miss. 19; *Allen* v. *Alliance Trust Co.*, 84 Miss. 319, 36 So. 285; *McCaughn* v. *Young*, 85 Miss. 277, 37 So. 839; Perry on Trusts and Trustees (6 Ed.), 602, 782.

From what we have said it necessarily follows that the learned circuit court committed no error in excluding the plaintiff's testimony and directing a verdict in favor of the defendants. But when the beneficiary in a deed of trust purchases at a void foreclosure, it does not necessarily result in the loss of the secured indebtedness. No other point being presented by the present appeal, we direct that the judgment be affirmed.

*Affirmed.*