SMITH *v.* DEAS.

(Division A.  Sept. 29, 1930.)

[130 So. 105.  No. 28752.]

**L. J. Broadway,** of Quitman, for appellant.

**McGowen, J.,** delivered the opinion of the court.

In the chancery court of Clarke county, Mrs. M. E. Deas filed her original bill against Louisa Smith, appellant here, by which Mrs. Deas sought to have her title to certain lands therein described quieted and the claim of said appellant to said lands canceled.

The appellee (Mrs. M. E. Deas) secured a decree pro confesso, there being no answer or plea filed, and thereupon a decree final was taken quieting her title to the land.

The appellant (Louisa Smith) interposed no defense in the lower court.

In complainant's bill it is stated there is a complete deraignment of title, and same is made a part of the original bill, and that complainant acquired title on January 4, 1921, and reference is made to certain deeds which were made exhibits to the bill.

In the bill, there is no other deraignment of title save two deeds and a deed of trust, which are attached, being a deed from Wisdom Adams and M. E. Deas to Charlie Adams; a deed of trust from Charlie and Addie Adams to M. E. Deas, as beneficiary, securing a certain indebtedness therein described, in which W. H. Moore is trustee; and a deed from W. H. Moore, trustee, to M. E. Deas. To the said trustee's deed is attached proof of publication of the notice of the trustee's sale, which shows that it was advertised to take place on December 6, 1920, and the publications in the newspaper were dated October 23, October 29, November 5, and November 12, 1920. The bill charged that the appellant was making some kind of claim to the land and pretended to have title, which pretense cast a cloud upon the title of the appellee. She alleged that she had been out of possession for two years, and prayed that a decree be rendered canceling the pretended claim of ownership as a cloud, and that she be decreed to be in possession of the premises, and for a writ putting her in such possession.

The bill nowhere, by deraignment, or otherwise, shows title in the appellee from the government by mesne conveyances, or otherwise, nor did the appellee allege title by adverse possession, nor did she allege any title from the appellant, defendant in the court below, nor did she allege that the parties to the bill claimed the land from a common source of title, and that complainant had the better title from said source.

From the decree of the court below canceling the appellant's claim as a cloud upon the title, and awarding

a writ of possession, in due time the appellant prosecuted an appeal to this court.

The appellant assigns two errors as a ground for the reversal of this case: First, that the court erred in rendering the decree pro confesso and final decree for the appellee, for the reason that the bill did not state a cause of action in favor of the complainant (appellee here), in that there is no deraignment of complainant's alleged title; and, second, that the bill, on its face, shows that the trustee's deed, through which the complainant claims, and on which the complainant must rely, is null and void.

Section 322, Hemingway's Code 1927, section 550, Code 1906, provides for the removal of clouds on titles, and how, and section 323, Hemingway's Code 1927, section 551, Code 1906, requires that in bills to cancel and remove clouds from titles the complainants must set forth, in plain and concise language, the deraignments of their titles, and that a mere statement therein that the complainant is the real owner of the land shall be insufficient, unless good and valid reason be given why he does not deraign his title.

The bill in this case does not show title out of the government, neither does it show how Adams and Deas acquired title when they undertook to convey it to Charlie Adams. As stated in the statement of facts, there is no claim of adverse possession. In fact, it shows the opposite. It does not show that appellee got the title from the appellant, nor does the appellee claim that their claims arose under a common source, her title being the better.

The bill was insufficient to support the decree pro confesso and the final decree granting relief thereon. See Long v. Stanley, 79 Miss. 298, 30 So. 823; Gilchrist-Fordney Co. v. Keyes, 113 Miss. 742, 74 So. 619, and Lyon Co. v. Ratliff, 129 Miss. 342, 92 So. 229.

Where, on the face of a bill, no cause of action is stated in favor of the plaintiff or complainant, a judgment in favor of the plaintiff or complainant may not be allowed to stand. However, this might result in a remanding of this case, and would not settle the law suit.

It will be observed that the sale under which the appellee claims title, and through which she secured her deed, was a trustee's sale of lands, and the trustee's deed thereunder shows that the last publication was had on November 12, 1920, and that the sale was had on December 6, 1924. There were twenty-four days intervening between the last publication in the newspaper and the date of the sale.

Section 2431, Hemingway's Code 1927, section 2772, Code 1906, provides how lands shall be advertised and sold under deeds of trust in this state, and this section has been construed by this court several times. More than a week elapsed between the date of the last publication in the newspaper and the date of sale, and this court has held repeatedly that a trustee's deed under such circumstances is absolutely null and void on its face. See Lake v. Castleman, 116 Miss. 175, 76 So. 877; Planters' Mercantile Company v. Braxton, 120 Miss. 470, 82 So. 323; and Maris v. Lindsey, 124 Miss. 742, 87 So. 12.

It conclusively appears that the appellee, complainant in the court below, based her title upon a void deed, and there being no allegation of any other title, no decree pro confesso nor final decree could validly invest her with title in such a state of case. She having no title, the decree was void, and the decree pro confesso should not have been granted, and the appellant is entitled to a decree here finally dismissing the bill.

Reversed, and decree here dismissing appellee's bill.