SMITH, et al. *v.* OVERSTREET.

In Banc. Feb. 28, 1949.

(38 So. (2d) 923)

A. T. L. Watkins, for appellants.

Ben Stevens and H. D. Young, for appellee.

**Smith, J.**

Appellants filed their original bill for cancellation of appellee's title to certain land in Perry County. There was no deraignment of title.

 █ Appellee demurred on two grounds, one of which was the failure to deraign title. This important requisite of a bill for cancellation of title is made mandatory by Section 1325, Code 1942, which provides that "the complainant must set forth in plain and concise language the deraignment of his title; and a mere statement therein that complainant is the real owner of the land shall be insufficient, unless good and valid reason be given why he does not deraign his title". Appellants, as stated, failed to comply with this rule.

The Chancellor sustained the demurrer, and offered appellants, as complainants, sixty days within which to amend the original bill. But, although alerted, by the plain language of the demurrer, to the specific defect therein, appellants' counsel refused to amend. Instead, he filed in the record of the case, and served on solicitors for appellee, the following written notice: "That the Court having sustained Defendant's demurrer and gave complainant sixty days to amend his bill. Counsel having found that there are no new issues of either law or fact to be presented, declines to amend or change his bill."

Thereupon, on motion of appellee, the Chancellor dismissed the bill "without prejudice". Why, without prejudice, does not appear, but since there is no cross-appeal, that matter is not before us.

We have repeatedly declared that the requirements of this statute must be followed in title cancellation suits. Russell et al. v. Town of Hickory, 116 Miss. 46, 76 So. 825; Gilchrist-Fordney Co. v. Keyes, 113 Miss. 742, 74 So. 619; Longmire v. Mars et al., 124 Miss. 77, 86 So. 753; Chiles v. Gallagher et al., 67 Miss. 413, 7 So. 208, and others.

In Dorsey et al. v. Sullivan, 199 Miss. 602, 24 So. 2d 852, 853, it was pointed out that: "A bill of complaint in a proceeding requiring deraignment of title does not state a case against defendants thereto unless the deraignment be sufficient, since complainant must depend upon the strength of his own title and not the weakness of that of his adversary."

In Long v. Stanley et al., 79 Miss. 298, 30 So. 823, we held that by deraignment of title was meant that complainant must show either (a) Title in himself from the Government down, or (b) Title in himself by adverse possession, or (c) Title in himself from the defendant, or (d) That the parties to the suit claim under a common source, the complainant having the better title from that source.

Since there was no deraignment or "good and valid reason given for its absence", in accordance with the statute, as interpreted by this Court in the cases cited, the Chancellor was correct in sustaining the special demurrer on that ground, and, upon complainants' refusal to amend, in dismissing the bill. The decree of the Chancery Court is, therefore, affirmed.

Affirmed.