COCHRAN *v.* COCHRAN.

No. 39297 October 18, 1954 74 So. 2d 841

*E. C. Fishel,* Hattiesburg, for appellee.

*Ben Stevens,* Hattiesburg; *L. Barrett Jones,* Jackson, for appellant.

ON MOTION TO DISMISS APPEAL

ETHRIDGE, J.

The motion to dismiss this appeal is sustained. The appeal is from a decree of the Chancery Court of Greene County sustaining a special demurrer to an amended bill of complaint, and allowing an interlocutory appeal. This suit is to remove clouds on title. The bill charged that the complainant Willie Cochran, appellant here, owned a good title by adverse possession to certain land in Greene County; that in 1892 it was conveyed by the U. S. Government to McLeod, and that "thereafter, through mesne conveyances, title to said land became vested in the said Clemmie Cochran during her lifetime, by deeds which are of record in Greene County." It was averred that Riley Cochran, appellant's husband, was the son of Clemmie. Clemmie died in 1943, and Riley died in 1951. More than ten years prior to Riley's death, Clemmie

made a parol gift of the land to her son Riley, who immediately entered into possession and remained in possession until his death in 1951. Since his death the complainant, his widow, has continued in possession of the property. She was the sole heir-at-law of her husband, who died intestate. The possession of both complainant's husband and of complainant was open, notorious, hostile, adverse and exclusive for more than ten years. The bill further charged that since the death of Riley Cochran in 1951, the defendant Arthur Cochran has been asserting some claim to the lands, "the exact nature of which is unknown" to complainant. So the bill asked that the claims of the defendant be cancelled as a cloud upon her title, and that complainant's title to the land be confirmed.

To this bill, defendant Arthur Cochran demurred, as follows: "1. The complainant does not deraign the title to the land to which he is asking the court to confirm the title, as required by Section 1325 of the Code of 1942.

"2. For other causes to be assigned on the hearing hereof." The chancery court sustained that special demurrer and allowed complainant an interlocutory appeal.

 The special demurrer was erroneously sustained. It should have been overruled. It is not necessary to deraign record title to land where the complainant relies upon adverse possession for his title. Griffith, Miss. Chancery Practice, (2d ed. 1950), Sec. 216. Complainant's bill averred a patent from the U. S. Government into a private person and thereafter title in herself by adverse possession, thus coming within the rule. It was first laid down in Long v. Stanley, 79 Miss. 298, 30 So. 823 (1901), and has subsequently been referred to in Smith v. Deas, 158 Miss. 111, 113, 130 So. 105 (1930), and Smith v. Overstreet, 205 Miss. 488, 490, 38 So. 2d 923 (1948). Bynum v. Stinson, 81 Miss. 25, 32 So. 910 (1902) is closely analogous to the instant case on this point.

 However, appellee has filed a motion to dismiss this appeal, which must be sustained. After appellee's special demurrer to the bill was erroneously sustained by the trial court, the appellant, complainant, instead of amending her bill by including a deraignment of the "deeds which are of record in Greene County" or declining to plead further and permitting a final decree dismissing her bill, sought and obtained this interlocutory appeal. It is on a question which is purely of an adjective and procedural nature, involving the issue of whether a complainant claiming title by adverse possession must deraign any record title. Code Sec. 1148 permits interlocutory appeals only where they will settle all of the controlling principles involved and in exceptional cases to avoid expense and delay. This appeal does not come within the limited terms of that statute, and in fact results in expense and delay. It should not have been granted and was improvident.

 It is well-settled that where the chancery court sustains a special demurrer to a bill for adjective and procedural defects only, an interlocutory appeal does not lie. Lott v. Windham, 191 Miss. 849, 4 So. 2d 342 (1941); Stirling v. Whitney National Bank, 170 Miss. 674, 150 So. 654 (1933); Carothers v. Bank of Baldwyn, 158 Miss. 602, 131 So. 111 (1930). Appeals from amendable bills in equity do not settle all of the controlling principles of a case. They cannot be known or determined sufficiently until the pleadings have been settled. Yates v. Box, 194 Miss. 374, 11 So. 2d 802 (1943). Since this appeal was not permissible under the statute, the motion to dismiss the appeal is sustained. The cause will be pending on the docket of the chancery court as though the appeal had not been taken, without prejudice to the right of appellant either to·amend the deraignment, or to amend his bill by simply refiling it, or to move the

chancery court to reconsider its ruling on the special demurrer.

Motion to dismiss appeal sustained.

*Roberds, P. J.,* and *Lee, Holmes* and *Arrington, JJ.,* concur.