MARGARET LONG *v.* ALBERT D. STANLEY ET AL.

1. CHANCERY PRACTICE. *Bill to remove clouds. Code* 1892, § 501. *Dereignment of title.*

     In a suit to remove clouds from title to lands, under code 1892, § 501, requiring the dereignment of title by complainants, it is necessary for the complainant to show, either,
        (*a*) Title in himself from the government down, or
        (*b*) Title in himself by adverse possession, or
        (*c*) Title in himself from the defendant, or
        (*d*) That the parties of the suit claim under a common source, the complainant having the better title from that source.

2. SAME. *Tax titles. Assessment. Deed.*

     Tax titles are independent and not derivative titles, and the party who assails them must show a right in himself to make the attack, and cannot rest on the mere facts that the land was assessed to him when sold and that he had a deed thereto from another, without showing that the deed invested him with title.

FROM the chancery court of, first district, Hinds county.

HON. HENRY C. CONN, Chancellor.

Mrs. Long, the appellant, was the complainant in the court below; Stanley and others, appellees, were defendants there.

The object of the suit was to cancel a tax deed as a cloud upon complainant's title to lands.    From a decree denying complainant relief, she appealed to the supreme court.    The facts are stated in, or clearly inferable from the opinion of the court.

*Wells & Wells*, for the appellant.

The tax title of defendants, appellees, is void for four reasons:    1. There was no valid assessment, therefore, the tax collector was not armed with power to make the sale.    2. The deed made by the sheriff to the pretended tax·purchaser was not filed with the chancery clerk during the time allowed by law for redemption.    3. The lands were not sold in forty acre tracts, as required by law.    4. The tax sale was made at Raymond, in the second district of Hinds county, and not at Jackson, the county site of the first district, where the land lies.

*Virden* v. *Bowers*, 55 Miss., 1; *Stovall* v. *Connor*, 58 Miss., 138; *Mitchum* v. *McInnis*, 60 Miss., 945; *Fletcher* v. *Trewalla*, 60 Miss., 963; *Carlisle* v. *Goode*, 71 Miss., 453; *Carlisle* v. *Christman*, 69 Miss., 392; *Pearce* v. *Perkins*, 70 Miss., 276; *Davis* v. *Vanarsdale*, 59 Miss., 367; *Greene* v. *Williams*, 58 Miss., 752; *Gibson* v. *Berry*, 66 Miss., 515; *Herring* v. *Moses*, 71 Miss., 620; *Griffin* v. *Ellis*, 63 Miss., 348 ; *Caruthers* v. *McLaran*, 56 Miss., 371; *Higdon* v. *Salter*, 76 Miss., 766; *Nelson* v. *Abernathy*, 74 Miss., 164; *Gregory* v. *Brogan*, 74 Miss., 694.    These authorities not only maintain our positions, but refute our adversaries' claims.

The parties hold under a common source of title; the land was assessed to appellant upon the assessment roll, upon which the tax deed rests.    *Johnson* v. *Futch*, 57 Miss., 74, and complainants' title was therefore well pleaded.

*Williamson, Wells & Croom*, for the appellees.

The decree of the court below should be affirmed for three reasons: (1) The complainant was barred by the three years' statute of limitations (code 1892, § 2735) at the time the suit

was brought; (2) complainant failed to deraign her title, as required by code 1892, § 501, and hence has no standing to assail appellee's tax title; (3) the tax title is not shown to have been void.

Whether the complainant's suit was barred depended upon a question of fact—one of adverse possession under the tax deed—which was found for appellees by the chancellor upon evidence amply sufficient to support the finding, and, of course, this court will largely be bound by the determination of the court below.

Code 1892, § 501, requires a complainant in a case like this to deraign her title, or give a reason for not doing so, neither of which was done in this cause, by the pleadings or the evidence. Unless complainant herself had title she cannot complain. The parties do not hold under a common source of title. The fact that the land was assessed to Mrs. Long does not create a common source. The tax sale passed the title, no matter to whom the lands were assessed. The deed from Sullivan to complainant did not help her cause, for the reason Sullivan was not shown to have had any title.

CALHOON, J., delivered the opinion of the court.

Appellant filed her bill to remove clouds from her title to land, and avers that appellees claim under two tax conveyances, which she says are void. The appellees set up that she did not deraign her title under code, § 501, and denied that she ever had any title. The only showing of title made by the complainant in her bill is that "in the latter part of the year 1885 she became the owner in fee simple" of the lands. In her proof she produces a conveyance to her from one Elizabeth Sullivan, bearing the apparent date of September 15, 1885. The requirement to deraign title appears for the first time in the legislation of this state in § 501 of the code of 1892, but in that section it is plain and specific. In all such cases, as in an action of ejectment, the complainant must show title in himself from the government down, or he must show title by adverse pos-

session, actual or constructive, for the statutory period, or he must show title from the defendant, or that both derive their claim from a common source, and that his is the better title from that source.    Under the law of the State of Mississippi it is the thing itself, the land, not the owner of it, not the person, which is taxed; and, when the thing is not relieved of the burden of the tax which the state has saddled on it, the thing is sold to do this, and the purchaser is clothed with all the rights of the state, and no more than the state may he be annoyed by mere intermeddlers.    The party attacking must show a right to make the attack, and cannot rest on the mere fact that the land was assessed to him when sold.    Assessments of lands describing the wrong person as owner are too common to admit this in proving a common source.    Neither can a complainant rely, as superadded to this, on the mere fact that he had a deed from some person to him, without showing the further fact that there was title in such person, or some privity of estate between defendant and that person.

*Johnson* v. *Futch*, 57 Miss., 74–79, the case relied upon by counsel for appellant, was decided long before the code of 1892, even if it sustained them, which it does not do.    The bill of complainant in this case does not even aver that she or Elizabeth Sullivan, her grantor, ever had any possession of the land, or that her grantor, Sullivan, ever had any title, either actual or colorable.

While ready to decide the other questions presented by this record, we do not do so, because the case goes with our disposition of the above question, which we find on the threshold.

*Affirmed.*