# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-IA-00089-SCT

*TRAVELERS PROPERTY CASUALTY CORP.*

*v.*

*TERESA STOKES*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/15/2000 |
| TRIAL JUDGE: | HON. JOHN T. KITCHENS |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | HUGH GILLON, IV |
| ATTORNEYS FOR APPELLEE: | TYLVESTER OTIS GOSS |
| | BRYANT DONLEVY GUY |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | REVERSED AND RENDERED - 02/20/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**EASLEY, JUSTICE, FOR THE COURT:**

## PROCEDURAL HISTORY

¶1.     This case arises from a motor vehicle accident that occurred on October 23, 1997, in Clarke County, Mississippi, involving Teresa Stokes (Stokes) and an uninsured motorist (UM), Daniel Wayne Hodge (Hodge). At the time of the accident Stokes was operating a school bus in the course and scope of her employment at Friends of Children of Mississippi (FCM). Stokes sued Travelers Property Casualty Corporation (Travelers), FCM's automobile insurance carrier, seeking UM coverage. However, FCM and Travelers contend that the policy did not contain UM coverage at the time of the accident. The case was transferred from the Circuit Court of the First Judicial District of Jasper County, Mississippi, to the

Circuit Court of Madison County, Mississippi. Travelers filed a motion for summary judgment which was subsequently heard by the trial court. At the hearing, the trial court denied Travelers's motion and entered an order to that effect.

¶2. Travelers filed a motion for reconsideration which was denied by the trial court. The trial court determined that Travelers's failure to produce the written rejection of UM benefits created a genuine issue of material fact. The trial court denied Travelers's motion for summary judgment and request for declaratory relief. Furthermore, the order granted certification pursuant to M.R.A.P. 5(a). In a subsequent order, the trial court granted Travelers permission to seek an interlocutory appeal to this Court. This Court granted Travelers's petition for interlocutory appeal.

¶3. The Travelers policy which was in effect at the time of the subject accident was a commercial auto policy with effective dates from December 1, 1996, to December 1, 1997. Said policy was a renewal of the insurance originally procured in 1992. The original policy was written with effective dates of December 1, 1992, to December 1, 1993, and originally included UM coverage. When the policy was next renewed with effective dates of December 1, 1993, to December 1, 1994, it included UM coverage.

¶4. Yolande Allen (Allen), Deputy Director of FCM, swore in her affidavit that before the December 1, 1994, renewal occurred, she, on behalf of FCM, met with Statewide General Insurance Agency, Inc. (Statewide) to discuss whether FCM would continue to have UM coverage. Allen stated in her affidavit that FCM willingly, knowingly and voluntarily rejected, in writing, all UM coverage on the subject Travelers's automobile liability policy effective for December 1, 1994, through December 1, 1995. Allen further stated that all subsequent renewals of the Travelers's policy did not contain any UM coverage. Accordingly, Allen provided in her affidavit that at the time of the accident on October 23, 1997, FCM's automobile liability policy did not provide any UM coverage.

¶5.    Matt Thomas (Thomas) handled FCM's account since 1978 for Statewide and handled all subsequent renewals.  Meetings were held to discuss the advantages and disadvantages of UM coverage, and FCM decided to drop the UM coverage from its policy.  In Thomas's affidavit, he stated that following at least one meeting he attended with FCM's representatives to discuss UM coverage, FCM opted to renew its automobile liability policy in December of 1994, knowingly, willingly and voluntarily rejecting, in writing, all UM coverage for the policy effective December 1, 1994, through December 1, 1995.  Thomas stated that all subsequent renewals on December 1, 1995, 1996 and 1997, were made without any changes to the UM coverage.  Thomas's affidavit supports FCM's position that it did not have any UM coverage under its Travelers's policy since December 1, 1994.

¶6.    Randy Wiggins (Wiggins), an underwriter for Travelers, provided by affidavit that he conducted a "diligent search of Travelers'[s] files and records in an effort to find the written rejection of uninsured motorist coverage for the Friends of Children of Mississippi, Inc. policy."  Wiggins concluded that after his unsuccessful search that the "written rejection of uninsured motorist coverage had been lost."   Nothing in the record demonstrated that the subject policy contained UM coverage at the time of the accident.

<u>**DISCUSSION**</u>

I.    **Whether the trial court erred in denying Travelers's motion for summary judgment.**

¶7.    This Court applies a de novo standard of review on appeal from a grant of summary judgment by the trial court. ***Jenkins v. Ohio Cas. Co.***, 794 So.2d 228, 232 (Miss. 2001); ***Russell v. Orr***, 700 So.2d 619, 622 (Miss. 1997); ***Richmond v. Benchmark Constr. Corp.***, 692 So.2d 60, 61 (Miss. 1997); ***Northern Elec. Co. v. Phillips***, 660 So.2d 1278, 1281 (Miss. 1995). Summary judgment shall be granted by a court if "the pleadings, depositions, answers to interrogatories and admissions on file,

3

together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." M.R.C.P. 56(c).

¶8. The moving party has the burden of demonstrating that there is no genuine issue of material fact in existence, while the non-moving party should be given the benefit of every reasonable doubt. *Tucker v. Hinds County*, 558 So.2d 869, 872 (Miss. 1990). *See also Heigle v. Heigle*, 771 So.2d 341, 345 (Miss. 2000). "If, in this view, there is no genuine issue of material fact and, the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied." *Williamson v. Keith*, 786 So.2d 390, 393 (Miss. 2001).

¶9. "Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite." *Tucker*, 558 So.2d at 872.

> Of importance here is the language of the rule authorizing summary judgment 'where there is no genuine issue of *material* fact.' The presence of fact issues in the record does not per se entitle a party to avoid summary judgment. The court must be convinced that the factual issue is a material one, one that matters in an outcome determinative sense...the existence of a hundred contested issues of fact will not thwart summary judgment where there is no genuine dispute regarding the material issues of fact.

*Simmons v. Thompson Mach. of Miss., Inc.*, 631 So.2d 798, 801 (Miss.1994)(citing *Shaw v. Burchfield*, 481 So.2d 247, 252 (Miss. 1985)). The evidence must be viewed in the light most favorable to the non-moving party. *See Russell*, 700 So.2d at 622; *Richmond*, 692 So.2d at 61; *Northern Elec. Co.*, 660 So.2d at 1281; *Simmons,* 631 So.2d at 802; *Tucker*, 558 So.2d at 872.

¶10. To avoid summary judgment, the non-moving party must establish a genuine issue of material fact within the means allowable under the Rule. *Richmond*, 692 So.2d at 61 (citing *Lyle v. Mladinich,* 584

So.2d 397, 398 (Miss. 1991)). "If any triable issues of fact exist, the lower court's decision to grant summary judgment will be reversed. Otherwise the decision is affirmed." ***Richmond***, 692 So.2d at 61.

¶11. The Mississippi UM statute provides in pertinent part:

> No automobile liability insurance policy or contract shall be issued or delivered after January 1, 1967, unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages for bodily injury or death from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than those set forth in the Mississippi Motor Vehicle Safety Responsibility Law, as amended, under provisions approved by the commissioner of insurance; however, at the option of the insured, the uninsured motorist limits may be increased to limits not to exceed those provided in the policy of bodily injury liability insurance of the insured or such lesser limits as the insured elects to carry over the minimum requirement set forth by this section. *The coverage herein required shall not be applicable where any insured named in the policy shall reject the coverage in writing and provided further, that unless the named insured requests such coverage in writing, such coverage need not be provided in any renewal policy where the named insured had rejected the coverage in connection with a policy previously issued to him by the same insurer.*

Miss. Code Ann. § 83-11-101(1) (Rev. 1999) (emphasis added).

¶12. Stokes argues that the statute requires that the written waiver be maintained by the insurance company to be produced at some later date. The UM statute, however, only requires a written waiver rejecting the UM coverage in connection with the issuance of a policy. ***Id***. The statute does not contain any language to support Stokes's argument that the written rejection must be maintained.

¶13. The real issue before this Court is whether FCM rejected its UM coverage in writing. Stokes does not present any evidence to contradict the sworn affidavits provided by Allen, Deputy Director of FCM, and Thomas, the insurance agent for Statewide. Both Allen and Thomas were party to the written rejection of the UM coverage under the Travelers policy. No evidence has been offered that FCM had ever maintained UM coverage since December 1, 1994, or paid for UM coverage since December 1, 1994.

5

¶14.    We find that no genuine issues of a material fact exist as to whether FCM waived its UM coverage.

Clearly, FCM did not have UM coverage under the Travelers policy at the time of this accident. In *Brown*

*v. Credit Center, Inc.*, 444 So.2d 358, 364 (Miss. 1983), this Court stated:

> Our Rule 56 mandates that the party opposing the motion be diligent. 'Mere general allegations which do not reveal detailed and precise facts will not prevent the award of summary judgment.' *Liberty Leasing Co. v. Hillsum Sales Corporation*, 380 F.2d 1013, 1015 (5th Cir. 1967). The party opposing the motion is required to bring forward significant probative evidence demonstrating the existence of the triable issue of fact. *Union Planters National Leasing, Inc. v. Woods*, 687 F.2d 117, 119 (5th Cir. 1982).

¶15.    In the case sub judice, we find that (1) Stokes failed to demonstrate the existence of a triable issue

of fact and (2) Travelers is entitled to judgment as a matter of law. The trial court erred in denying

Travelers's Motion.

## CONCLUSION

¶16.    Accordingly, the judgment of the Madison County Circuit Court denying Travelers's motion for

summary judgment is reversed, and judgment is rendered here that Travelers does not owe UM coverage

under its policy issued to FCM and that Stokes's complaint and this civil action are finally dismissed with

prejudice.

¶17.    **REVERSED AND RENDERED.**

**PITTMAN, C.J., SMITH, P.J., WALLER, COBB AND CARLSON, JJ., CONCUR. McRAE, P.J., DIAZ AND GRAVES, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION.**

6