939 So.2d 831 (2006)
Alex "Buck" CROSSWHITE and Sandra Gail Crosswhite, Appellants
v.
Stacey Woodruff GOLMON and Lacey Woodruff Robertson, Appellees.
No. 2005-CA-01683-COA.
Court of Appeals of Mississippi.
October 10, 2006.
*832 Bobby T. Vance, Batesville, attorney for appellants.
Bradley Truett Golmon, attorney for appellees.
Before KING, C.J., SOUTHWICK and IRVING, JJ.
IRVING, J., for the Court.
¶ 1. Stacey Woodruff Golmon and Lacey Woodruff Robertson (the Woodruffs) sued Alex Crosswhite and Sandra Gail Crosswhite (the Crosswhites) for encroachment upon the Woodruffs' property. After a trial, the Panola County Chancery Court found that a fence owned by the Crosswhites encroached upon the Woodruffs' property and ordered the Crosswhites to remove the fence. Aggrieved, the Crosswhites appeal and assert the following issues which we quote verbatim:
ISSUE I: PLAINTIFFS [sic] PLEADING DID NOT GIVE NOTICE OF CLAIMS [OF] TITLE OR BOUNDARY LINES BY DEED OR OTHERWISE THUS DEFENDANTS WERE PREJUDICED IN DEFENDING AGAINST THESE CLAIMS.
ISSUE II: THE LOWER COURT ERRED IN DENYING CROSSWHITE [sic] MOTION FOR NEW TRIAL OR IN DENYING REOPENING OF TRIAL FOR THE TAKING OF ADDITIONAL EVIDENCE.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. The Woodruffs own a piece of land in Panola County that is approximately sixty acres. The Crosswhites own a piece of property that is to the east of the Woodruffs' land. A ditch runs near the border between the two properties. After the Crosswhites constructed a fence on the *833 west side of the ditch, the Woodruff initiated suit to remove the fence. The Woodruffs' complaint was filed on October 11, 2000. No answer to the complaint was ever filed by the Crosswhites. The docket reflects that the Crosswhites were served with the complaint on October 24, 2000.
¶ 4. An agreed order setting trial was filed on May 26, 2005. On June 16, 2005, a trial was held before the Panola County Chancery Court. The Woodruffs submitted a copy of their deed and presented an expert who had conducted a survey and found that the land west of the ditch belongs to the Woodruffs. The Crosswhites provided only their own testimony and the testimony of two of the prior owners of the property, who both indicated that they thought that the disputed area belonged to the piece of property owned by the Crosswhites. After hearing all the evidence, the court found that the Woodruffs "presented proof that the boundary line lies to the east of the ditch and Defendants asserted rights to land on the west side of the same ditch arising out of the fencing of and the possession and use of the land." The court specifically found that "the [Woodruffs] are the record owners of this 59.39 acre tract of real property." The court noted that the evidence presented by the Crosswhites went toward "establishing an ownership right arising out of adverse possession," but "the Defendants did not establish the elements of adverse possession by clear and convincing evidence." Ultimately, the court found that the fence constituted an encroachment onto the Woodruffs' land and ordered the Crosswhites "to remove the fence on the Plaintiffs' property within thirty (30) days of the entry of this Order."
¶ 5. Additional facts, if necessary, will be related during our analysis and discussion of the issues.

ANALYSIS AND DISCUSSION OF THE ISSUES
1. Notice of Cause of Action
¶ 6. The Crosswhites contend that they are entitled to relief from the court's judgment because the Woodruffs' pleadings did not sufficiently meet the requirements of notice pleading, as required by Rule 8 of the Mississippi Rules of Civil Procedure. Rule 8 states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for judgment for the relief to which he deems himself entitled." M.R.C.P. 8(a).
¶ 7. At the outset, the Woodruffs argue that the Crosswhites are procedurally barred from raising this issue on appeal because the issue was not raised below. "It is well settled [in] Mississippi law that there is a procedural bar to considering issues not first raised at trial." Brown v. Thompson, 927 So.2d 733, 738(¶ 16) (Miss. 2006) (citing Scott v. State, 878 So.2d 933, 963(¶ 81) (Miss.2004)). We agree with the Woodruffs that the issue is procedurally barred as a result of not having been raised below. The Crosswhites' motion for a new trial does not address this issue. Instead, the motion for a new trial contends that the Crosswhites never received a copy of the Woodruffs's complaint, and therefore had no notice of the actual lawsuit. No argument was made that the wording of the complaint was such that the Crosswhites did not receive notice of the substance of the Woodruffs's complaint. Therefore, this issue is procedurally barred.
¶ 8. Even if the issue were not procedurally barred, we find that the issue is without merit. The complaint filed by the Woodruffs asserted that "the Defendants have constructed or have caused to be constructed a fence encroaching upon the *834 property described in Exhibit `A' without the permission of Plaintiffs and further that Defendants have failed to remove this fence despite repeated requests by the Plaintiffs." The complaint went on to allege that "Defendants' unlawful and illegal occupation of Plaintiffs [sic] real property has prevented Plaintiffs from their fair, lawful and reasonable use of their property. . . ." This statement is a "short and plain statement of the claim" and meets the requirements of Rule 8.
¶ 9. The Crosswhites contend that the meaning of "encroachment" was not clear from the complaint, in that they did not realize that the trial of the matter would involve boundary lines or possible claims of adverse possession. However, this argument is belied by the fact that the Crosswhites appeared for trial with two witnesses who testified regarding the position of the boundary line between the two pieces of property. We fail to see how the complaint failed to inform the Crosswhites that the suit would involve the placement of a boundary line, as the complaint alleged that the Crosswhites's fence was on land that belongs to the Woodruffs. In short, this issue is without merit and is procedurally barred.
2. Motion for a New Trial
¶ 10. In this issue, the Crosswhites essentially make two arguments. The first is that, because they could not gain the nature of the complaint and issues that would be relevant at trial from the Woodruffs' complaint, they could not properly produce evidence and testimony for trial. Since we have found that the complaint gave the Crosswhites sufficient notice of the issues that would be heard at trial, this contention is also without merit. The complaint properly notified the Crosswhites of the type of evidence they would need to defend their rights at trial.
¶ 11. The Crosswhites also contend that "with no deraignment of title . . . title to the properties could not be adjudicated." We find that this issue is both procedurally barred and without merit.
¶ 12. This issue is procedurally barred because it was not raised below. Brown, 927 So.2d at 738(¶ 16) (citing Scott, 878 So.2d at 963(¶ 81)). Although the court deleted a paragraph from its order, citing a lack of deraignment of title, after reviewing the Crosswhites' motion to set aside the judgment, the motion did not actually cite deraignment of title as an issue requiring reversal. Nothing in the Crosswhites' motion indicates that the court erred in not requiring a deraignment of title, or in ruling the way it did in the absence of a deraignment of title. In fact, neither the word "deraignment" nor its meaning[1] appear anywhere in the motion. Therefore, this issue is procedurally barred from our consideration due to the Crosswhites' failure to raise it below.
¶ 13. Furthermore, even if this issue were not procedurally barred, we find that it is waived on appeal. Based on the Mississippi Supreme Court's decision in Carpenter v. Haggard, 538 So.2d 776 (Miss.1989), this Court has specifically found, in a confirmation of title case, that "failure to deraign title is not grounds for *835 dismissal, but a party may file a Rule 12(e) motion to force the complainant to do so. . . . The absence of a title deraignment was waived." White v. Usry, 800 So.2d 125, 129 (¶¶ 15-16) (Miss.Ct.App.2001) (citing Carpenter, 538 So.2d at 777-78). In this case, no Rule 12(e) motion was ever filed to request that the Woodruffs deraign their title. Therefore, the lack of deraignment has been waived by the Crosswhites.
¶ 14. In short, there was sufficient evidence from which the chancellor in this case could fashion a remedy. A survey was presented that indicated that the Woodruffs owned all the property west of the ditch in question. By contrast, the Crosswhites presented no evidence to support their contention other than testimony that they and others believed that they owned some of the land west of the ditch. As support, the Crosswhites cite and quote extensively from Kleyle v. Mitchell, 736 So.2d 456 (Miss.Ct.App.1999). The Crosswhites contend that this case "demonstrate[s] the pitfalls of fashioning remedies without sufficient evidence." Although factually similar to the present case, we reversed the chancellor's decision in Kleyle because the chancellor ordered that the Mitchells could keep Kleyle's encroaching fence and because the chancellor ordered Kleyle to refrain from building a fence in the future on his own property. We found that Kleyle was entitled to take down and keep his fence, as the chancellor ordered in the present case. Id. at 461(¶ 15). We also found that the chancery court could not prevent Kleyle from building a fence on his own property. Id. at 461(¶ 16) (quoting Clanton v. Hathorn, 600 So.2d 963, 965 (Miss.1992)). We did not indicate that the chancellor had insufficient evidence to divide the property as he did. In fact, we upheld the chancellor's division of the contested property, although we noted that it appeared that the division was incorrect in that it gave the Mitchells too little land. Id. at 460-61 (¶¶ 13-14). Since the Mitchells did not appeal the chancellor's division, we found no error in the chancellor's determination of the property line. Id. at 461(¶ 14). In short, no part of the holding in Kleyle is of help to the Crosswhites.
¶ 15. In this case, the chancellor did not attempt to set a boundary line, and there was more than sufficient evidence from which the chancellor in this case could find that the Woodruffs had showed that they, and not the Crosswhites, owned the property west of the ditch. The lack of a deraignment of title, for the reasons discussed above, did not create an insufficiency in the evidence supporting the chancellor's decision in this case.
¶ 16. THE JUDGMENT OF THE CHANCERY COURT OF PANOLA COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.
NOTES
[1] Mississippi Code Annotated section 11-17-35 (Rev.2004) requires a plaintiff to deraign his title when attempting to confirm title or remove a cloud on title. The Mississippi Supreme Court has explained that a plaintiff's deraignment must show: "title in himself from the government down, or he must show title by adverse possession . . . or he must show title from the defendant, or that both derive their claim from a common source, and that his is the better title from that source." Long v. Stanley, 79 Miss. 298, 300-01, 30 So. 823 (1901).