CARLTON, J.,
for the Court.
¶ 1. This is an appeal challenging the validity of a judgment entered by the Lawrence County Chancery Court, dismissing with prejudice the complaint of the appellant, Derrell R. Netterville. On appeal, Netterville argues that the judgment of the chancery court is void and seeks a determination of the current state of the law in Mississippi regarding void judgments. Finding no error, we affirm the dismissal of the motion to vacate.
FACTS
¶ 2. In May 1999, Netterville filed a pro se action of ejectment in the Lawrence County Chancery Court seeking to eject the Weyerhaeuser Company from land to which Weyerhaeuser holds title in Lawrence County, Mississippi. Weyerhaeuser answered the complaint and filed a counterclaim against Netterville. Netterville then filed a notice of removal of the action to the United States District Court for the Southern District of Mississippi. The district court remanded the matter to the Lawrence County Chancery Court, stating numerous problems with the removal.
¶ 3. On December 16, 1999, the chancery court held a hearing and received both oral and documentary evidence concerning the matters presented. On the following day, the chancellor entered a final judgment. The chancellor found the following: that the court had both personal and subject matter jurisdiction, that Netterville had no record title to the property nor did he have any actual or constructive possession, *41 that Weyerhaeuser was the record title owner of the subject land based upon an examination of the title history extending back to the original patent, that Weyer-haeuser’s possession and use of the property satisfied the statutory requirements to satisfy ownership by adverse possession, and that Netterville willfully, intentionally, and outrageously attempted to cloud title to the property by filing documents in the Lawrence County land records purporting to claim ownership of the property.
¶ 4. Based upon these findings, the chancellor dismissed with prejudice Net-terville’s complaint, confirmed title to Weyerhaeuser against Netterville, awarded Weyerhaeuser actual damages in the amount of $3,000, attorney’s fees in the amount of $7,500, and punitive damages in the amount of $100,000 due to the nature of Netterville’s actions. The final judgment of the chancellor was entered on December 16, 1999. Netterville never appealed this judgment.
¶ 5. On June 26, 2006, Netterville filed a motion in the Lawrence County Chancery Court to vacate the final judgment entered against him some six and one-half years before. Weyerhaeuser responded and filed a motion to dismiss Netterville’s motion to vacate, claiming that any relief sought was barred by res judicata. The chancery court held a hearing on the matter.
¶ 6. On September 11, 2006, the chancellor granted Weyerhaeuser’s motion to dismiss. The chancellor found that Netter-ville’s motion to vacate was an attempt to relitigate the previously determined matter. As such, the chancellor concluded that Netterville’s motion should be dismissed. The chancellor found that no grounds for relief were present under Mississippi Rule of Civil Procedure 60. Aggrieved by the dismissal of his motion to vacate, Netterville appeals. His appeal has been assigned to this Court.
DISCUSSION
¶ 7. Netterville presents for review the issue of whether “by rulings and determinations of the Supreme Court of Mississippi or through Legislative Act, have voided Mississippi’s law regarding void judgments?” Netterville argues that this is the sole issue before this Court, and that this Court is “deprived of subject matter jurisdiction to reach the underlying questions regarding land titles.” Netterville challenges the subject matter jurisdiction of the chancery court to rule against him.
¶ 8. Netterville’s motion to vacate the judgment of the chancery court was made pursuant to Rule 60(b)(4). A motion alleging that a judgment is void “shall be made within a reasonable time.” M.R.C.P. 60(b). Allegations that a judgment is void for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) are made pursuant to Rule 60(b)(4). See M.R.C.P. 12 cmt. The comment to Rule 12 states in part:
Under Rule 12(h)(3) a question of subject matter jurisdiction may be presented at any time, either by motion or answer. Further, it may be asserted as a motion for relief from a final judgment under M.R.C.P. 60(b)(4) or may be presented for the first time on appeal.
Post-judgment time limits pursuant to the rules of procedure are both mandatory and jurisdictional. Telford v. Aloway, 530 So.2d 179, 181 (Miss.1988). Whether a Rule 60(b) motion is made within a reasonable time is considered on a case by case basis. Cucos, Inc. v. McDaniel, 938 So.2d 238, 245(¶ 22) (Miss.2006). Rule 60(b) motions that are an attempt to relitigate the previously decided case should be denied. Stringfellow v. Stringfellow, 451 So.2d 219, 221 (Miss.1984). The remedy provided under Rule 60(b) “is not a means for those *42 who had procedural opportunity for remedy under other rules and faded, without cause, to pursue such avenues.” R.K. v. J.K., 946 So.2d 764, 776(¶ 35) (Miss.2007). We review the denial of a request for relief pursuant to Rule 60 for abuse of discretion. Id. Considerations for determining a motion for relief pursuant to Rule 60(b) include:
(1) that final judgments should not be lightly disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) [relevant only to default judgments]; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are any intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.
Id. (citation omitted).
¶ 9. This Court is inclined to dismiss Netterville’s appeal as untimely because he delayed over six years in filing his motion seeking relief. Netterville never appealed the decision of the chancery court. He advances no reason for his failing to appeal the judgment of the chancery court, or why he has failed to file his Rule 60(b) motion for over six years. He argues only that there is no time limit to challenge the jurisdiction of a court to decide a matter.
¶ 10. We note that “even if jurisdiction is problematic, once a chancery court makes a final judgment on the merits of the case, this Court may not reverse that finding without finding an error in addition to lack of subject matter jurisdiction.” Graves v. Dudley Maples, L.P., 950 So.2d 1017, 1022(¶ 22) (Miss.2007) (citation omitted); Miss. Const. art. 6, § 147. Al though an allegation that a court was without subject matter jurisdiction to hear a matter may be raised at any time, “no justifiable basis exists for arguing that a chancery court does not have jurisdiction over matters involving property,” because “such authority is conferred by our constitution, history, and precedent.” Graves, 950 So.2d at 1022(¶ 22) (citing Miss. Const. art. 6, § 160). The Lawrence County Chancery Court had subject matter jurisdiction to hear the matter concerning the subject property in Lawrence County.
¶ 11. Netterville has failed to provide any reason for taking more than six years to file his motion for relief. He failed to utilize the other remedies available to him, such as filing a timely appeal from the judgment. His brief demonstrates that he seeks only to relitigate the matters previously decided. For these reasons, we conclude that the chancellor did not commit an abuse of discretion in denying Netterville’s Rule 60(b) motion. Due to the curious argument advanced by Netterville and the far reaching consequences his assertions carry, we briefly address the error of his claim.
¶ 12. The argument Netterville advanced in 1999, and which he continues to advance in his appellate brief, is that a land patent from the United States government cannot be deeded away. He argues that a United States patent of land ownership endures forever absent defea-sance by a tax-forfeiture. Netterville does not challenge the deeds to the subject property, but argues that they could only create a lease of the property. Netterville claims to be a descendant of the original patentee of the property. He claims ownership of the property and seeks lease payments from the record title owner, Weyerhaeuser.
*43 ¶ 13. Netterville filed his original claim in 1999 as an action of ejectment. In an action of ejectment:
the complainant must show title in himself from the government down, or he must show title by adverse possession, actual or constructive, for the statutory period, or he must show title from the defendant, or that both derive their claim from a common source, and that his is the better title from that source. Under the law of the State of Mississippi it is the thing itself, the land, not the owner of it, not the person, which is taxed; and, when the thing is not relieved of the burden of the tax which the state has saddled on it, the thing is sold to do this, and the purchaser is clothed with all the rights of the state, and no more than the state may he be annoyed by mere intermeddlers. The party attacking must show a right to make the attack, and cannot rest on the mere fact that the land was assessed to him when sold. Assessments of lands describing the wrong person as owner are too common to admit this in proving a common source. Neither can a complainant rely, as superadded to this, on the mere fact that he had a deed from some person to him, without showing the further fact that there was title in such person, or some privity of estate between defendant and that person.
Long v. Stanley, 79 Miss. 298, 300-01, 30 So. 823 (1901) (emphasis added). Mississippi courts still apply this standard today. This Court has recently restated the rule in Long that “a plaintiffs deraignment must show: ‘title in himself from the government down, or he must show title by adverse possession ... or he must show title from the defendant, or that both derive their claim from a common source, and that his is the better title from that source.’ ” Crosswhite v. Golmon, 939 So.2d 831, 834(¶ 12) n. 1 (Miss.Ct.App.2006) (quoting Long, 79 Miss. 298, 300-01, 30 So. at 823); see also Miss.Code Ann. § 11-17-35 (Rev.2004) (requiring a plaintiff to deraign his title when attempting to confirm title or remove a cloud on title).
¶ 14. As in Long, Netterville’s complaint “does not even aver that [he or his grantor] ever had any possession of the land, or that [his grantor] ever had any title, either actual or colorable.” Long, 79 Miss. at 301, 30 So. at 823. Were we addressing the merits of Netterville’s claim, for this reason alone, his complaint would fail. Other problems are also apparent in Netterville’s claim. See Kuhn v. Gabriel Cemetery Assoc., 202 So.2d 634, 636 (Miss.1967) (stating “all that is required of a deraignment of title based upon adverse possession is a showing of the divestiture of title from the sovereign and, thereafter, adverse possession for the requisite time”). In the phraseology of the supreme court in Long, Weyerhaeuser is protected from being “annoyed by mere intermeddlers....” Long, 79 Miss. at 301, 30 So. at 823.
¶ 15. THE JUDGMENT OF THE LAWRENCE COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. IRVING, J., CONCURS IN PART AND IN RESULT.