ISHEE, J.,
 

 for the Court.
 

 ¶ 1. This products liability case was brought by Tammie Brown against General Motors Corporation (GM) pursuant to Mississippi Code Annotated section 11 — 1— 63(a) (Supp.2008). Brown complains that the vehicle-equipped air bag failed to deploy when she was involved in an automobile accident and caused her injury. The George County Circuit Court granted two motions for summary judgment in favor of GM. The first motion was granted after the circuit court reviewed the record and found that Brown failed to present evidence that created a genuine issue of material fact for her claims under Mississippi Code Annotated section 11 — 1—63(a)(i)(1)—
 
 *401
 
 (3); therefore, those claims were dismissed. The circuit court then granted GM’s second motion for summary judgment on the remaining warranty claim because the claim was barred by the six-year statute of limitations set forth in Mississippi Code Annotated section 75-2-725 (Rev. 2002). Aggrieved, Brown appeals and argues that the circuit court erred in granting summary judgment in favor of GM. Finding no error, we affirm.
 

 FACTS
 

 ¶ 2. On September 7, 1998, Brown was driving her 1995 Pontiac Grand Am in George County, when she crossed the cen-terline into oncoming traffic and hit another vehicle. Both vehicles sustained front-end damage. Brown’s air bag did not deploy, and she struck her head on the steering wheel. The air bag system and automobile were manufactured by GM.
 

 ¶ 3. Brown filed a complaint against GM in the George County Circuit Court on September 6, 2001, alleging that she had suffered severe and permanent injuries that she would not have suffered had the air bag deployed. GM answered Brown’s complaint, and it filed a motion for summary judgment based on Brown’s failure to call expert witnesses to prove that the car was defective and unreasonably dangerous at the time the car left the manufacturer. GM further argued that an expert in biomechanics should have been called to testify in order to prove proximate causation. A hearing was held on the motion, and the circuit court found that Brown had failed to provide any competent evidence to prove that there was a defect in the air bag’s design or manufacture at the time the air bag left the manufacturer’s control. Due to the lack of evidence, the circuit court found, and Brown conceded, that summary judgment was appropriate for Brown’s claims under Mississippi Code Annotated section 11 — 1— 63(a)(i)(l)-(3). With regard to Brown’s remaining claim for breach of express warranty under section 11 — 1—63(a)(i)(4), the circuit court ruled that Brown was not required to have an expert in biomechanics testify in order to establish proximate causation; therefore, GM’s motion for summary judgment on that issue was denied.
 

 ¶ 4. After the circuit court granted GM’s motion for summary judgment, Brown had only one remaining claim, which was breach of express warranty. GM then filed a second motion for summary judgment asserting that Brown was barred by the six-year statute of limitations under Mississippi Code Annotated section 75-2-725, and the circuit court granted that motion.
 

 DISCUSSION
 

 ¶ 5. An appellate court applies a de novo standard of review on summary judgment rulings.
 
 Moss v. Batesville Casket Co.,
 
 935 So.2d 393, 398(1115) (Miss.2006). Summary judgment is proper when “the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.”
 
 Travelers Prop. Cas. Corp. v. Stokes,
 
 838 So.2d 270, 272-73(¶ 7) (Miss.2003) (quoting M.R.C.P. 56(c)). The moving party bears the burden of demonstrating that no genuine issue of material fact exists, and the non-moving party should be given the benefit of every reasonable doubt.
 
 Hinson v. N & W Constr. Co.,
 
 890 So.2d 65, 66(¶8) (Miss.Ct. App.2004) (citation omitted).
 

 ¶ 6. Brown contends that the injuries she suffered during her accident would not have occurred had the air bag in her car deployed on impact. In her complaint, Brown argued that the air bag was defec
 
 *402
 
 tive pursuant to Mississippi Code Annotated section ll-l-63(a). The statute reads in pertinent part-
 

 ía) The manufacturer or seller of the product shall not be liable if the claimant does not prove by the preponderance of the evidence that at the time the product left the control of the manufacturer or seller:
 

 (i) 1. The product was defective because it deviated in a material way from the manufacturer’s specifications or from otherwise identical units manufactured to the same manufacturing specifications, or
 

 2. The product was defective because it failed to contain adequate warnings or instructions, or
 

 3. The product was designed in a defective manner, or
 

 4. The product breached an express warranty or failed to conform to other express factual representations upon which the claimant justifiably relied in electing to use the product; and
 

 (ii) The defective condition rendered the product unreasonably dangerous to the user or consumer; and
 

 (iii) The defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought.
 

 Actions brought under section 11 — 1—63(a) require that the plaintiff “prove (ii), (iii), and at least one of four elements of a claim under (i).”
 
 Forbes v. Gen. Motors Corp.,
 
 935 So.2d 869, 873(¶ 5) (Miss.2006).
 

 I. Whether the circuit court properly granted GM’s first motion for summary judgment.
 

 ¶ 7. Brown’s first assignment of error is that the circuit court erred in granting GM’s first motion for summary judgment. She claims that the circuit court addressed issues in the hearing that were not included in the motion for summary judgment and for which her attorney had not prepared. Brown further claims that “the [circuit] [c]ourt’s logic in finding that [she] had a warranty claim, but not one for manufacture, [was] flawed in that one [cannot] have a failure of warranty claim without having a manufacture failure.”
 

 ¶ 8. The circuit court found that “the record [was] devoid of any evidence creating a genuine issue of material fact” for Brown’s claims under Mississippi Code Annotated section 11 — 1—63(a)(i)(l)—(3). During the hearing, the following exchange took place between the circuit court judge and Brown’s attorney:
 

 BY THE COURT: And I know you hate to concede anything, but, you know, for purposes of this, you do concede, then, summary judgment will be appropriate on those elements of your Complaint other than warranty?
 

 BY MR. MURPHY: Right.
 

 Brown’s counsel conceded at the hearing that summary judgment for the abovemen-tioned claims was appropriate. No objection was made; therefore, the issue was not properly preserved for appeal.
 
 See O’Flynn v. Owens-Corning Fiberglas,
 
 759 So.2d 526, 532(¶ 9) (Miss.Ct.App.2000). Furthermore, upon our review of the record, we find nothing to indicate that the circuit court erred in granting GM’s first motion for summary judgment. This issue is without merit.
 

 II. Whether the circuit court properly granted GM’s second motion for summary judgment.
 

 ¶ 9. Brown’s second assignment of error is that the circuit court erred in granting GM’s second motion for summary judgment. The circuit court found that the six-year statute of limitations set forth in Mississippi Code Annotated section 75-2-725 barred Brown’s claim that GM had breach
 
 *403
 
 ed its express warranty. Brown does not dispute that section 75-2-725 barred her express warranty claim; however, she argues that if the defective-manufacture issue had not been dismissed by GM’s first motion for summary judgment, she would not have been barred under Mississippi Code Annotated section 15-1-49 (Rev. 2003). Because we found that the circuit court was correct in dismissing Brown’s claims under Mississippi Code Annotated section 11 — 1—63(a)(i)(l)—(3), which included her defective-manufacture claim, we find that the circuit court properly applied the six-year statute of limitations from Mississippi Code Annotated section 75-2-725. This issue is without merit.
 

 ¶10. THE JUDGMENT OF THE CIRCUIT COURT OF GEORGE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR. MAXWELL, J., NOT PARTICIPATING.