CARLTON, J.,
 

 for the Court:
 

 ¶ 1. This is an appeal challenging the Pearl River County Chancery Court’s grant of Harold and Ruth Belton’s and Roy and Donna McDonald’s (collectively, the Beltons and McDonalds) motion for a judgment on the pleadings regarding a tract of real property. On appeal, Kenneth and Carolyn Moore (collectively, the Moores) argue that the chancellor erred by granting the Beltons’ and McDonalds’ motion and also by failing to allow the Moores to amend their complaint after the motion had been granted. The Moores also claim the chancellor erred in finding that the McDonalds and Beltons had title to the real property at issue superior to that of the Moores. Finding no error in the decision of the chancery court to grant the McDonalds’ and Beltons’ motion for a judgment on the pleadings and to quiet and confirm the title to their respective tracts of land against any claim of the Moores, we affirm.
 

 FACTS
 

 ¶ 2. In 1995, Lamar Moore and his brother, Kenneth, approached William Garrett, now deceased, about buying and splitting a 20.6-acre tract of land on Tee Road in Pearl River County, Mississippi. Garrett sold the property to each of the brothers on a lease-purchase agreement until the purchase price was paid in full.
 
 [1]
 
 Kenneth married and built a home on his side of the property, but he did not finish out the contract for sale and purchase until 2008. He received a special warranty deed from Garrett’s estate on August 28, 2008. However, Kenneth failed to record the contract for sale and purchase, executed by himself and Garrett, in the chancery clerk’s office.
 

 ¶ 3. On September 15, 1998, Lamar and Garrett executed a warranty deed conveying Lamar’s 10.34 acres to Roy McDonald and his wife, Donna McDonald. The conveyance reserved a twenty-five foot easement along the north boundary of the property. On March 20, 2007, the Mc-Donalds transferred title to a portion of the property to their son-in-law, Harold Belton, pursuant to a warranty deed. When Harold’s deed was recorded, Roy and Harold moved their driveway over by 8 feet on Tee Road, and by fifteen feet on the back or north end of the property. Kenneth now asserts that the McDonalds and Beltons encroached on his property when they moved the driveway. Kenneth also submits that he is the owner of the property lying east of the McDonalds’ and
 
 *1188
 
 Beltons’ property. However, Kenneth does not appear in the chancery clerk’s record as the owner of the property. The record title owner is Garrett.
 

 ¶ 4. On June 17, 2008, the McDonalds and Beltons filed a complaint to quiet and confirm title and to remove the cloud on the title and for other relief. On September 2, 2008, Kenneth filed his answer with affirmative defenses, and he sought intervention for Carolyn Moore in this action pursuant to her motion to intervene as a party defendant. The Moores filed a cross-complaint on February 10, 2009.
 

 ¶ 5. On the morning of trial, the chancellor called the parties into his chambers to discuss the objections to the exhibits that would be presented. The McDonalds’ and Beltons’ attorney moved for a judgment on the pleadings pursuant to Rule 12(c) of the Mississippi Rules of Civil Procedure. The chancellor granted the motion, and no objections were made on the record. The chancellor held that Kenneth’s purchase contract did not appear on the Pearl River County chancery clerk’s record, and he stated that the law favors the settlement of titles based upon conveyances that are completed in accordance with the law. The chancellor advised the Moores that they could seek a remedy against Garrett’s estate to resolve the issue. As to the McDonalds and Beltons, the chancellor found that they were entitled to have title to their tract of property quieted and confirmed against any claims of the Moores. Aggrieved, the Moores now appeal to this Court.
 

 STANDARD OF REVIEW
 

 ¶ 6. A motion for a judgment on the pleadings under Rule 12(c) is reviewed de novo.
 
 R.J. Reynolds Tobacco Co. v. King,
 
 921 So.2d 268, 270 (¶ 10) (Miss.2005). The Mississippi Supreme Court has held that the denial of a party’s opportunity to amend their pleadings under Mississippi Rule of Civil Procedure 15(a) is reviewed under an abuse-of-diseretion standard.
 
 Fletcher v. Lyles,
 
 999 So.2d 1271, 1277 (¶ 26) (Miss.2009).
 

 DISCUSSION
 

 I. Whether the cháncellor erred in granting the McDonalds’ and Bel-tons’ motion for a judgment on the pleadings pursuant to Rule 12(c).
 

 ¶ 7. The Moores argue that by granting the McDonalds’ and Beltons’ motion for a judgment on the pleadings without allowing the Moores to amend their complaint under Rule 15(a), the chancellor improperly applied Rule 12(c). The Moores specifically argue that there were genuine issues of material fact regarding the description of the land referred to in the deed, and the Moores submit that they had subpoenaed witnesses to testify as to such differences. Thus, the Moores argue that the chancellor prematurely granted the motion for a judgment on the pleadings, and they submit that since no matters outside the pleadings were presented by the motion, they should have been afforded leave to amend their complaints in accordance with Rule 15(a).
 

 ¶ 8. Mississippi Rule of Civil Procedure 15(a) states, in pertinent part, that:
 

 On sustaining a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), or for judgment on the pleadings, pursuant to Rule 12(c), leave to amend shall be granted when justice so requires upon conditions and within time as determined by the court, provided matters outside the pleadings are not presented at the hearing on the motion. Otherwise a party may amend a pleading only by leave of court or upon writ
 
 *1189
 
 ten consent of the adverse party; leave shall be freely given when justice so requires.
 

 ¶ 9. Similarly, Rule 12(c) states that:
 

 If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56; however, if on such a motion matters outside the pleadings are not presented, and if the motion is granted, leave to amend shall be granted in accordance with Rule 15(a).
 

 ¶ 10. We note the record reflects that the Moores failed to object as to the form and timing of the McDonalds’ and Beltons’ motion for a judgment on the pleadings. Therefore, we find that the Moores have waived any objections they may have with regard to the form and timing of the motion.
 
 Brown v. Gen. Motors Corp.,
 
 4 So.3d 400, 402 (¶ 8) (Miss.Ct.App.2009). The failure to preserve these issues during the proceedings before the chancellor constitutes a waiver of those issues on appeal.
 
 Id.
 
 As a result, the Moores are procedurally barred from raising these issues for the first time on appeal before this Court.
 

 ¶ 11. However, in turning to the merits, we note in the present case, the chancellor held that the 1998 conveyance by Garrett and the McDonalds “is clear, concise, free of ambiguity, does not violate any record title with respect to any of the land involved.” The record reflects that Kenneth’s purchase contract was not recorded, and the language in the contract stated that the land needed to be surveyed and that adjustments might need to be made to the contract. The chancellor determined that if an error existed in the description of the land, the error existed in the dealings between Garrett and Kenneth. The chancellor stated that the remedy for such error was not to invalidate a deed which is correct on its face. The chancellor continued to explain that the appropriate remedy was against Garrett’s estate for violation of a contract to convey the land to Kenneth. As a result, the chancellor granted the judgment on the pleadings and validated the McDonalds’ title according to the deed.
 

 ¶ 12. The record reflects that the chancellor declined to allow the Moores’s witnesses to testify regarding the discrepancy in the description of the land in Kenneth’s deed. The Moores admit in their brief that no matters outside the pleadings were considered before the chancellor granted McDonalds’ motion for a judgment on the pleadings. Since amending a complaint is reviewed under an abuse-of-discretion standard, we find that the chancellor did not err in granting the motion for a judgment on the pleadings.
 
 Fletcher,
 
 999 So.2d at 1277 (¶ 26). This issue is without merit.
 

 II. Whether the McDonalds and Bel-tons were entitled to have the title to their respective tracts of property quieted and confirmed against any claims of the Moores.
 

 ¶ 13. The Moores assert that the chancellor erred by invoking the theory of “first in time, first in right,” concerning the filing of the deeds to the land at issue in the present case. Kenneth asserts that to strip him from ownership of an acre of his property merely because the Mc-Donalds’ and Beltons’ deed was recorded first is inequitable.
 

 ¶ 14. This Court has recognized the rule that “a plaintiffs deraignment must show: ‘title in himself from the govern
 
 *1190
 
 ment down, or he must show title by adverse possession ... or he must show title from the defendant, or that both derive their claim from a common source, and that his is the better title from that source.’ ”
 
 Crosswhite v. Golmon,
 
 939 So.2d 831, 834 n. 1 (Miss.Ct.App.2006) (quoting
 
 Long v. Stanley,
 
 79 Miss. 298, 300-01, 30 So. 823 (1901)).
 
 See also
 
 Miss. Code Ann. § 11-17-35 (Rev.2004) (requiring a plaintiff to deraign his title when attempting to confirm title or remove a cloud on title).
 

 ¶ 15. In the present case, the record reflects that the common source of title for the parties is Garrett. It is also uncontested that the first deed recorded was the deed from Garrett to the McDonalds, dated September 15, 1998, and this deed was recorded on September 16, 1998, in the office of the Pearl River County Chancery Clerk. In addition, as previously stated, the chancellor found that the September 15, 1998, warranty deed to the McDonalds was properly executed, unambiguous, and conveyed title to the real property described therein. However, as to the contract for the sale and purchase executed between Kenneth and Garrett on December 23, 1997, the chancellor found that the contract was not recorded, and it did not impart notice to the McDonalds. Miss. Code Ann. §§ 89-5-1 (Rev.1999), 89-5-3 (Rev.1999), 89-5-5 (Rev.1999), 89-5-7 (Rev.1999);
 
 Craig v. Osborn,
 
 134 Miss. 323, 98 So. 598, 599-601 (1923). Thus, we agree the warranty deed gave the Mc-Donalds title superior to that of Moores, who did not acquire title to their real property until August 2008.
 

 ¶ 16. The McDonalds and Beltons also point out that on page five of the contract executed between Garrett and Kenneth, Garrett represented that the real property being sold had not been surveyed. Thus, the precise boundaries of Kenneth’s acreage had not been set at the time of the execution of this contract. Since the only parties to this contract for sale and purchase were Kenneth and Garrett, we find that the chancellor did not err in determining that the remedy for any deficiency in the contract leading to Kenneth receiving less acreage than what was contracted for pursuant to Kenneth and Garrett’s agreement lies against Garrett’s estate, rather than in any attempt to alter the September 15, 1998, warranty deed to the McDonalds.
 
 A & F Props., LLC v. Madison County Bd. of Supervis'rs.,
 
 933 So.2d 296, 301 (¶ 12) (Miss.2006). This issue is without merit.
 

 ¶ 17. THE JUDGMENT OF THE PEARL RIVER COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
 

 KING, C.J., LEE AND MYERS, PJJ, IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . The contract for the sale and purchase of real property was dated July 25, 1995, but it was signed and executed on December 23, 1997.